# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE YLITALO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., ADP, INC., and AMERICAN CENTURY INVESTMENT SERVICES, INC.,<br><br>*Defendants*. | Case No. 2:24-cv-07635-JKS-LDW<br><br>Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Leda Dunn Wettre, U.S.M.J.<br><br>Motion Return Date: September 3, 2024<br><br>**ORAL ARGUMENT REQUESTED** |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND TO SET BRIEFING SCHEDULE

**VENABLE LLP**
George Kostolampros*
600 Massachusetts Avenue NW
Washington, DC 20001
Tel.: (202) 344-4426
GKostolampros@venable.com

Xochitl S. Strohbehn*
Michael A. Guerra (ID# 089092013)
151 West 42nd Street, 49th Floor
New York, New York 10036
Tel.: (212) 307-5500
Xochitl.Strohbehn@venable.com
MAGuerra@venable.com

Jonathan Perlman*
801 Brickell Ave, Suite 1500
Miami, Florida 33131
Tel.: (305) 349-2323
JEPerlman@venable.com

**MCDONALD HOPKINS, LLC**
Christopher B. Hopkins**
Craig S. Distel**
Alaina B. Karsten**
501 S. Flagler Drive Suite 200
West Palm Beach, FL 33401
Tel.: (561) 472-2121
CHopkins@mcdonaldhopkins.com
CDistel@mcdonaldhopkins.com
AKarsten@mcdonaldhopkins.com

*Counsel for Defendants Automatic Data Processing, Inc. and ADP, Inc.*

**K&L GATES LLP**
Loly Garcia Tor
One Newark Center
Newark, New Jersey 07102
Tel.: (973) 848-4000
Loly.Tor@klgates.com

John W. Rotunno**
Matt A. Alvis**
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel.: (312) 372-1121
Fax: (312) 827-8000
John.Rotunno@klgates.com
Matt.Alvis@klgates.com

Stephen Topetzes**
1601 K Street NW
Washington, DC 20006
Tel.: (202) 778-9000
Fax: (202) 778-9100
Stephen.Topetzes@klgates.com

*Counsel for Defendant American Century Investment Services, Inc*

*Admitted *Pro Hac Vice*.
**Motions for *Pro Hac Vice* admission forthcoming.

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 3

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

15 U.S.C. § 77z-1 .................................................................................................................. 1, 2, 3, 4

15 U.S.C. § 78u-4 ................................................................................................................................ 1

15 U.S.C. § 78u-4(b)(3)(B) .................................................................................................................. 4

15 U.S.C. § 78u-4a(3)(A) ..................................................................................................................... 3

15 U.S.C. § 78u-4a(3)(B)(i) .................................................................................................................. 4

**Court Rules**

Federal Rule of Civil Procedure 6(b) ................................................................................................... 1

Local Civil Rule 6.1(a) ......................................................................................................................... 1

Defendants Automatic Data Processing, Inc., ADP, Inc. and American Century Investment Services, Inc., by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b), Local Civil Rule 6.1(a), and the Court's Judicial Preferences governing requests for extensions of time, hereby file this Motion for an Extension of Time to Respond to the Complaint and to Set a Briefing Schedule.

## BACKGROUND

Plaintiff Dale Ylitalo filed a complaint (the "Complaint") in this action (the "Action") in this Court on behalf of a putative class on July 9, 2024, against defendants Automatic Data Processing, Inc., ADP, Inc., and American Century Investment Services, Inc. (each a "Defendant," and collectively, "Defendants").  (ECF No. 1). Defendants Automatic Data Processing, Inc. and ADP, Inc. were served with the Complaint on or about July 12, 2024, and defendant American Century Investment Services, Inc. was served with the Complaint on or about July 16, 2024. (ECF Nos. 3-4, 6).

Plaintiff Ylitalo previously filed a similar complaint, together with his company R4 Construction LLC as a party plaintiff, on January 16, 2024, in the United States District Court for the Middle District of Florida against Automatic Data Processing, Inc. and American Century Investment Services, Inc. (the "Florida Action").[1]  As is true with the Complaint in this case, the Florida Action purported to assert federal securities claims governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1, *et seq.* and 15 U.S.C. § 78u-4, *et seq.*, among an assortment of additional claims.  Defendants American Century Investment Services, Inc. and Automatic Data Processing, Inc. filed motions to dismiss the complaint in the

---

[1] A copy of the complaint from the Florida Action is attached as **Exhibit A** to the Declaration of Xochitl S. Strohbehn, dated August 7, 2024, that Defendants filed with this Motion (the "Strohbehn Decl.").

1

Florida Action on March 4, 2024 and March 11, 2024, respectively. (Strohbehn Decl. ¶ 6). After initially representing that they would seek leave to amend their complaint in the Florida Action, Plaintiffs Dale Ylitalo and R4 Construction LLC voluntarily dismissed the Florida Action on April 23, 2024. (*Id.* ¶ 7, Ex. B).

Defendants Automatic Data Processing, Inc. and ADP, Inc. initially were required to respond to the Complaint in this Action by August 2, 2024, and defendant American Century Investment Services, Inc. was required to respond to the Complaint by August 6, 2024.

On July 30, 2024, defendants Automatic Data Processing, Inc. and ADP, Inc. filed an application for an extension of time to respond to the Complaint to August 16, 2024. (ECF No. 7). The application was granted the same day extending the ADP defendants' answer deadline to August 16, 2024. On July 31, 2024, defendant American Century Investment Services, Inc. filed an application for an extension of time to respond to the Complaint to September 3, 2024. (ECF No. 11). The application was granted on August 5, 2024 extending American Century Investment Services, Inc.'s answer deadline to August 20, 2024.[2]

As set forth below, Defendants seek to extend the time for Defendants to respond to the Complaint until a lead plaintiff and lead counsel are appointed, consistent with the procedures set forth in the PSLRA. Defendants' counsel met and conferred with Plaintiffs' counsel by Zoom on July 18, 2024, and advised Plaintiffs that Defendants would seek an extension of time to respond to the Complaint until a lead plaintiff and lead counsel are appointed. (Strohbehn Decl. ¶ 8). Defendants followed up with an email July 22, 2024, with a proposed briefing schedule that extended the time for Defendants to respond to the Complaint until a lead plaintiff and lead counsel

---

[2] Before this motion, these were the only other extension requests that Defendants sought in this case.

2

are appointed.[3] Defendants followed up by email on July 23, 2024 and July 24, 2024, and by telephone and email on July 25, 2024.[4] One of Plaintiff's counsel responded on July 25, 2024 conceding the indisputable point that the PSLRA stays discovery and stating that his colleague would respond regarding the proposed stipulated briefing schedule.[5] The next day, July 26, 2024, Plaintiff's counsel responded to the proposed briefing schedule stating "as I explained to you before, the language of the PSLRA is clear. We do not agree that there is a need to file the stipulation in this case."[6]

On August 1, 2024, Defendants asked Plaintiffs' counsel whether they would oppose a motion to extend the deadline to respond to the Complaint until a lead plaintiff and lead counsel are appointed.[7] Plaintiff's counsel responded that Plaintiff "does not know at this time whether or not he will be opposing your requested extension."[8] This Motion followed.

## ARGUMENT

The claims asserted in this Action are governed by the PSLRA, which prescribes a procedure and timeframe for the appointment of lead plaintiff(s) and lead counsel to represent a putative class. 15 U.S.C. § 78u-4a(3)(A). Specifically, the PSLRA provides that "not later than 60 days after the date on which the [required] notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4a(3)(A)(i)(II). The PSLRA further provides, with respect to appointment of a lead plaintiff, that:

---

[3] Strohbehn email to J. Wilkes, dated July 22, 2024, attaching draft stipulated briefing schedule. A copy of this email is attached as **Exhibit C** to the Strohbehn Declaration.
[4] J. Rotunno & Strohbehn emails to J. Wilkes, dated July 23, 24, and 26, 2024, following up on draft stipulated briefing schedule. A copy of this email chain is attached as **Exhibit D** to the Strohbehn Declaration.
[5] Federman email to X. Strohbehn dated July 25, 2024. *See* Ex. D.
[6] J. Wilkes email to X. Strohbehn dated July 26, 2024. A copy of this email chain is attached as **Exhibit E** to the Strohbehn Declaration.
[7] J. Wilkes Email to X. Strohbehn dated August 2, 2024. *See* Ex. E.
[8] *Id.*

3

> ***Not later than 90 days after the date on which a notice is published*** under subparagraph (A)(i), ***the court shall consider any motion made by a purported class member in response to the notice***, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, ***and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members*** (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4a(3)(B)(i) (emphases added).[9]

Plaintiff apparently published his notice of the litigation on or around July 19, 2024.[10] Under the PSLRA, motions for lead plaintiff must be filed no later than 60 days after that date. The PSLRA requires that the Court consider lead plaintiff motions and appoint a lead plaintiff no later than 90 days after published notice of the case. 15 U.S.C. § 78u-4a(3)(B)(i). After their appointment, the selected lead plaintiff and lead counsel frequently file a consolidated amended complaint.

Requiring Defendants to respond to the Complaint in this Action prior to the entry of an order by the Court pursuant to the PSLRA appointing a lead plaintiff and lead plaintiff's counsel would be inefficient and premature because the allegations and claims pled in the Complaint may not be the allegations and claims that remain after appointment of lead plaintiff and lead plaintiff's counsel.

Granting the extension of time and establishing the briefing schedule in the manner set forth below would serve the interests of judicial economy and efficiency and ensure the orderly

---

[9] The PSLRA mandates a stay of discovery and other proceedings in private securities actions while motions to dismiss are pending. 15 U.S.C. § 78u-4(b)(3)(B).

[10] Morning Star, Morningstar.com, FEDERMAN & SHERWOOD ANNOUNCES FILING OF SECURITIES CLASS ACTION LAWSUIT AGAINST AUTOMATIC DATA PROCESSING, INC., ADP, LLC, AND AMERICAN CENTURY INVESTMENTS SERVICES, INC., dated July 19, 2024, *available at* https://www.morningstar.com/news/business-wire/20240719650231/federman-sherwood-announces-filing-of-securities-class-action-lawsuit-against-automatic-data-processing-inc-adp-llc-and-american-century-investments-services-inc. A copy of the document available at this website is also attached as **Exhibit F** to the Strohbehn Declaration.

4

administration of these cases. Indeed, extending Defendants' time to respond until it is clear whether the Complaint will be amended will minimize the amount of time that the Court and Defendants must spend briefing and analyzing (and in the Court's case, deciding) issues that may no longer be relevant after a lead plaintiff is appointed. Preserving Defendants Automatic Data Processing, Inc.'s and American Century Investment Services, Inc.'s resources is all the more justified given that they have already spent substantial sums in moving to dismiss a similar complaint in the Florida Action that Plaintiff subsequently abandoned, in apparent recognition that it merited dismissal. Extending Defendants' time to respond will serve the interests of judicial economy and efficiency and at the same time, will not prejudice Plaintiff, who must also await the appointment of a lead plaintiff.

Defendants therefore respectfully request that the Court enter an order extending the time for Defendants to answer, move, or otherwise respond to the Complaint, or any amended complaint, as follows:

(1) Defendants shall answer, move, or otherwise respond to the Complaint on or before thirty days after lead plaintiff and lead counsel are appointed;

(2) If lead plaintiff files an amended complaint, Defendants shall answer, move, or otherwise respond to the amended complaint on or before thirty days after the amended complaint is filed;

(3) If Defendants filed a motion in response to the Complaint, or, if applicable, the amended complaint, the designated lead plaintiff shall serve and file any opposition to any motion(s) to dismiss within thirty days after Defendants file any such motion or motions; and

5

(4)  Defendants shall serve and file any reply in further support of any motion(s) to dismiss within twenty-one (21) after Lead Plaintiff files his or her opposition brief.[11]

## CONCLUSION

For the foregoing reasons, Defendants Automatic Data Processing, Inc., ADP, Inc. and American Century Investment Services, Inc. respectfully request that the Court grant their extension of time to respond to the Complaint and enter the briefing schedule in the manner set forth in the proposed order submitted herewith.

---

[11] This proposed schedule does not impact any other deadlines in this case.

Dated:  August 8, 2024

| **VENABLE LLP** | **K&L GATES LLP** |
|---|---|
| By: /s/ Michael A. Guerra | By: /s/ Loly Garcia Tor |
| Michael A. Guerra (ID# 089092013) | Loly Garcia Tor |
| Xochitl S. Strohbehn* | One Newark Center |
| 151 West 42nd Street, 49th Floor | 1085 Raymond Blvd. |
| New York, New York 10036 | Newark, New Jersey 07102 |
| Tel.: (212) 307-5500 | Tel.: (973) 848-4000 |
| Fax: (212) 307-5598 | Loly.Tor@klgates.com |
| MAGuerra@venable.com | |
| Xochitl.Strohbehn@venable.com | John W. Rotunno** |
| | Matt A. Alvis** |
| George Kostolampros* | 70 West Madison Street, Suite 3300 |
| 600 Massachusetts Avenue NW | Chicago, Illinois 60602-4207 |
| Washington, DC 20001 | Tel.: (312) 372-1121 |
| Tel.: (202) 344-4426 | Fax: (312) 827-8000 |
| Fax: (202) 344-8300 | John.Rotunno@klgates.com |
| GKostolampros@venable.com | Matt.Alvis@klgates.com |
| | |
| Jonathan Perlman* | Stephen Topetzes** |
| 801 Brickell Ave, Suite 1500 | 1601 K Street NW |
| Miami, Florida 33131 | Washington, DC 20006 |
| Tel.: (305) 349-2323 | Tel.: (202) 778-9000 |
| Fax: (305) 349-2310 | Fax: (202) 778-9100 |
| JEPerlman@venable.com | Stephen.Topetzes@klgates.com |
| | |
| **MCDONALD HOPKINS, LLC** | *Counsel for Defendant American* |
| Christopher B. Hopkins** | *Century Investment Services, Inc* |
| Craig S. Distel** | |
| Alaina B. Karsten** | |
| 501 S. Flagler Drive Suite 200 | |
| West Palm Beach, FL 33401 | |
| Tel.: (561) 472-2121 | |
| Fax: (561) 472-2122 | |
| CHopkins@mcdonaldhopkins.com | *Admitted Pro Hac Vice.* |
| CDistel@mcdonaldhopkins.com | **Motions for *Pro Hac Vice* admission |
| AKarsten@mcdonaldhopkins.com | forthcoming. |
| | |
| *Counsel for Defendants Automatic* | |
| *Data Processing, Inc. and ADP, Inc.* | |

## CERTIFICATE OF SERVICE

I certify that on this day, August 8, 2024, I served the above document, the Brief in Support of Defendants' Motion for Extension of Time to Respond to Complaint and to Set Briefing Schedule, dated August 8, 2024, on all appearance counsel via ECF filing.

Dated: August 8, 2024

**VENABLE LLP**

*/s/ Michael A. Guerra*
Michael A. Guerra (No. 089092013)