# **EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# IN THE DISTRCT OF NEW JERSEY

| | |
|---|---|
| Dale Ylitalo, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> Automatic Data Processing, Inc., ADP, Inc., and American Century Investments Services, Inc., <br><br> *Defendants*. | Case No. 2:24-cv-7635-JKS-LDW |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DALE YLITALO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Plaintiff Dale Ylitalo ("Ylitalo") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) appointing Ylitalo as lead plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approving Ylitalo's selection of Federman & Sherwood ("F&S") as Lead Counsel and Kantrowitz, Goldhamer & Graifman, P.C. as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem to be just and proper.

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons, who own and operate their own business, from the date of filing to three years prior thereto (the "Class Period"), and purchased or otherwise acquired for themselves a SIMPLE IRA from ADP, Inc. ("ADP"), the funds for which were immediately directed into one of American Century Investments, Inc.'s ("ACI") One Choice Target Date Portfolios ("One Choice") which are "Fund of Funds" ("FOF"), at the time of sale of the SIMPLE IRA.

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" — *i.e.* the plaintiff most capable of adequately representing the interests of class members — as lead plaintiff, and provides a presumption that the movant

with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Ylitalo believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in the Complaint. In addition, for purposes of this motion, Ylitalo satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Ylitalo respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Ylitalo's selection of Federman & Sherwood as lead counsel and Kantrowitz, Goldhamer & Graifman, P.C. as liaison counsel for the class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND[1]

ADP sells SIMPLE IRAs though its Small Business Services ("SBS") sales representatives. These SBS sales representatives are not licensed as broker-dealers or as sales representatives under the Financial Industry Regulatory Authority ("FINRA") or their respective states. Despite this, ADP – with the help, support, and approval of ACI and ADP's parent company, Automatic Data Processing, Inc. ("Automatic") – pays its unlicensed and unregistered SBS sales representatives bonuses and additional incentives to push and sell SIMPLE IRAs, the funds for which are automatically invested in ACI's mutual funds.

The complaint filed in this action alleges that throughout the Class Period, Defendants intentionally and knowingly misrepresent or otherwise omit the SBS's sales representatives licensure status, registration status, compensation, and incentives. Defendants also know and allow SBS sales representatives to make material misrepresentations regarding the return rate on these SIMPLE IRAs. Based on these material misrepresentations and omissions, Plaintiff and the Class Members have purchased SIMPLE IRAs, the funds for which are immediately invested in ACI's mutual funds. Had Plaintiff Ylitalo and the Class Members known of these misrepresentations and omissions, they would *not* have purchased

---

[1] This section as adapted from the allegations in the Complaint [ECF Doc. 1].

SIMPLE IRAs, the funds for which are immediately invested in ACI's mutual funds

## I. PROCEDURAL HISTORY

On July 9, 2024, Plaintiff Dale Ylitalo commenced this class action lawsuit against Automatic Data Processing, Inc, ADP, Inc., and American Century Investments Services, Inc. captioned *Ylitalo v. Automatic Data Processing, Inc., et al.*, Case No. 2:24-cv-07635-JSK-LDW. Ylitalo's Complaint alleges violations of Sections 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of investors that purchased shares between July 9, 2021 to present. The filing was announced on July 19, 2024.

## IV. ARGUMENT

### A. Ylitalo Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff

most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Ylitalo satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Ylitalo has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Ylitalo is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Ylitalo respectfully submits that he should be appointed lead plaintiff.

    **1. Ylitalo is Willing to Serve as Class Representatives**

Ylitalo has made a timely motion in response to a PSLRA early notice. On July 19, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of William B. Federman ("Federman Decl."), Ex. A. Therefore, Ylitalo had sixty days (until September 17, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of securities during the Class Period, Ylitalo is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in her PSLRA certification, Ylitalo attests that he has reviewed the Complaint, adopts the allegations therein, and is willing to serve as representatives of the class. Federman Decl., Ex. B. Accordingly Ylitalo satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Ylitalo Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To determine which plaintiff has the largest financial loss, the Third Circuit has explained:

> In many cases . . . this determination will be relatively easy, but in others it may prove difficult. The [PSLRA] provides no formula for courts to follow in making this assessment, but we agree with the

> many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs.

*In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). "The Third Circuit has concluded that 'largest financial interest' means the largest loss." *Roby v. Ocean Power Techs., Inc.*, No. 14-3799, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing *In re Cendant Corp. Litig.*, 264 F.3d at 223); *see also In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d. 562, 567 (D.N.J. 2006) (same). To that end, district courts within the Third Circuit "have accorded the third element, the largest financial loss, the greatest weight." *Roby*, 2015 WL 1334320, at *5 (collecting cases).

During the Class Period, due to Defendants' misrepresentations, Ylitalo purchased a Simple IRA from ADP, which automatically invested portions of Ylitalo's paychecks – to date, about $1,716.94 – into approximately 137,139 shares of ACI's mutual funds. *See* Federman Decl., Ex. B. As stated above and contained in the Complaint, Ylitalo would not have purchased the SIMPLE IRA, the funds for which were immediately invested in ACI's mutual funds, had he known of Defendants' misrepresentations and omissions. To the best of his knowledge, Ylitalo is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Ylitalo believes he has the "largest financial interest in the relief sought by the

7

class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Ylitalo Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23.

#### a. Ylitalo's Claims Are Typical

A persons or entity is a typical class member "if the plaintiff, as a result of the same course of conduct, suffered the same injuries as the other class members, and their claims are based on the same legal issues.'" *Lifestyle Investments, LLC v. Amicus Therapeutics, Inc.*, No. 15-7448, 2016 WL 3032684, at *5 (D.N.J. May 26, 2016)).

Here, Ylitalo's claims are typical of the claims asserted by the proposed class. Like all members of the class, Ylitalo purchased a SIMPLE IRA from ADP, which automatically invested portions of his paycheck into ACI's mutual funds, during the Class Period and suffered losses as a result of his transactions. Like all members of the class, Ylitalo alleges that Defendants violated federal securities

8

laws by disseminating materially misleading statements, including misrepresentations and omissions regarding ADP's SBS sales representatives licenses, registrations, compensation, and sale incentives and the SIMPLE IRAs' return rates. Ylitalo's losses, like the losses suffered by all other members of the class, arise from Defendants' alleged misrepresentations and omissions. If it were not for Defendants' alleged misrepresentations and omissions, Ylitalo and the Class Members would not have purchased SIMPLE IRAs. Accordingly, Ylitalo's interests and claims are typical of the interests and claims of the class.

### b.  Ylitalo is an Adequate Representative

The adequacy requirement is satisfied if "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of other class members." *Id.* at *7 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 364–65).

Here, Ylitalo easily satisfies the adequacy requirements. Ylitalo's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and Ylitalo is not aware of any conflict between his claims and those asserted on behalf of the class. Moreover, Ylitalo has retained competent and experienced counsel with the resources and experience to effectively prosecute this action. *See* Federman Decl., Exs. C & D. Consequently, Ylitalo has

9

demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Ylitalo has selected Federman & Sherwood as lead counsel and Kantrowitz, Goldhamer & Graifman, P.C. as liaison counsel for the class. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Federman Decl., Exs. C & D, the Court may be assured that in the event their motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Ylitalo's selection of counsel.

### V. CONCLUSION

For the foregoing reasons, Ylitalo requests that the Court grant her motion and enter an Order: (1) appointing Ylitalo as Lead Plaintiff, (2) approving Federman & Sherwood as Lead Counsel and Kantrowitz, Goldhamer & Graifman, P.C. as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated: September 17, 2024          By: */s/William B. Federman*
                                   William B. Federman*
                                   Jessica A. Wilkes*

10

*Admitted Pro Hac Vice*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
jaw@federmanlaw.com

*Counsel for Lead Plaintiff Movant Larry Ylitalo and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on September 17, 2024.

/s/ William B. Federman
William B. Federman