UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE YLITALO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., ADP, INC., and AMERICAN CENTURY INVESTMENT SERVICES, INC.,<br><br>*Defendants*. | Case No. 2:24-cv-07635-JKS-LDW<br><br>Hon. Jamel K. Semper, U.S.D.J.<br><br>Hon. Judge Leda D. Wettre, U.S.M.J. |

**RESPONSE OF DEFENDANTS AUTOMATIC DATA PROCESSING, INC., ADP, INC., AND AMERICAN CENTURY INVESTMENT SERVICES, INC. TO MOTION OF DALE YLITALO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

<div style="columns:2">

Michael A. Guerra (ID# 089092013)
Xochitl S. Strohbehn*
**VENABLE LLP**
151 West 42nd Street, 49th Floor
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
maguerra@venable.com
xochitl.strohbehn@venable.com

George Kostolampros*
**VENABLE LLP**
600 Massachusetts Avenue NW
Washington, DC 20001
Tel.: (202) 344-4426
Fax: (202) 344-8300
gkostolampros@venable.com

Jonathan Perlman*
**VENABLE LLP**
100 SE 2d Street, Suite 4400
Miami, Florida 33131
Tel.: (305) 349-2323

Loly G. Tor
**K&L GATES LLP**
One Newark Center
Newark, New Jersey 07102
Tel.: (973) 848-4000
loly.tor@klgates.com

John W. Rotunno*
Matt A. Alvis*
**K&L GATES LLP**
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel.: (312) 372-1121
Fax: (312) 827-8000
John.Rotunno@klgates.com
Matt.Alvis@klgates.com

Stephen Topetzes*
**K&L GATES LLP**
1601 K Street NW
Washington, DC 20006
Tel.: (202) 778-9000
Fax: (202) 778-9100

</div>

320614287.1

Fax: (305) 349-2310
jeperlman@venable.com

-and-

**MCDONALD HOPKINS, LLC**
Christopher B. Hopkins*
Craig S. Distel*
Alaina B. Karsten*
501 S. Flagler Drive Suite 200
West Palm Beach, FL 33401
Tel.: (561) 472-2121
Fax: (561) 472-2122
chopkins@mcdonaldhopkins.com
cdistel@mcdonaldhopkins.com
akarsten@mcdonaldhopkins.com

*Counsel for Defendants Automatic Data Processing, Inc. and ADP, Inc.*

Stephen.Topetzes@klgates.com

*Counsel for Defendant American Century Investment Services, Inc*

*Motions for *Pro Hac Vice* admission forthcoming.

320614287.1

## **TABLE OF CONTENTS**

RESPONSE OF DEFENDANTS AUTOMATIC DATA PROCESSING, INC., ADP, INC., AND AMERICAN CENTURY INVESTMENT SERVICES, INC. TO MOTION OF DALE YLITALO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL ........................................................................ 1

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bensley v. FalconStor Software, Inc.*,
    277 F.R.D. 231 (E.D.N.Y. 2011) ............................................................................................6

*Blake Partners, Inc. v. Orbcomm, Inc.*,
    No. 07-4517 (WHW), 2008 WL 2277117 (D.N.J. June 2, 2008) .............................................5

*Clair v. DeLuca*,
    232 F.R.D. 219 (W.D. Pa. 2005) .............................................................................................1

*Fields v. Biomatrix*,
    198 F.R.D. 451 (D.N.J. 2000) .................................................................................................5

*Guo v. Tyson Foods, Inc.*,
    No. 21-CV-552 (AMD) (JRC), 2023 WL 3765052 (E.D.N.Y. June 1, 2023) ...............2, 5, 6, 7

*Ito-Stone v. DBV Techs. S.A.*,
    No. 19-525 (MCA) (LDW), 2020 WL 6580776 (D.N.J. Nov. 10, 2020) .................................2

*Lewis v. Lipocene Inc.*,
    No. 16-4009-BRM-LGH, 2016 WL 7042075 (D.N.J. Dec. 2, 2016) .......................................1

*In re Merck & Co., Inc. Sec. Litig.*,
    432 F.3d 261 (3d Cir. 2005) .....................................................................................................2

*Rodriguez v. Draftkings Inc.*,
    No. 21 Civ. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) .................................5

*In re Royal Dutch Shell Transp. Sec. Litig.*,
    404 F. Supp. 2d 605 (D.N.J. 2005) .........................................................................................6

*Sowell v. Butcher & Singer, Inc.*,
    926 F.2d 289 (3d Cir. 1991) .....................................................................................................6

*Ylitalo, et al. v. Automatic Data Processing, Inc., et al.*,
    No. 2:24-cv-00055-SPC-NPM .......................................................................................3, 4, 5

**Statutes**

15 U.S.C. § 77z-1(a)(2)(A) ............................................................................................................2

15 U.S.C. § 77z-1(a)(2)(A)(v) .......................................................................................................2

15 U.S.C. §77z-1(a)(3)(B)(i) ..................................................................................................1

15 U.S.C. § 78u-4(a)(2)(A) ....................................................................................................2

15 U.S.C. § 78u-4(a)(2)(A)(v) ................................................................................................2

15 U.S.C. §78u-4(a)(3)(B)(i) ..................................................................................................1

320614287.1

**RESPONSE OF DEFENDANTS AUTOMATIC DATA PROCESSING, INC., ADP, INC., AND AMERICAN CENTURY INVESTMENT SERVICES, INC. TO MOTION OF DALE YLITALO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Defendants Automatic Data Processing, Inc. ("Automatic"), ADP, Inc. ("ADP"), and American Century Investment Services, Inc. ("ACI," and collectively with ADP and Automatic, "Defendants") respectfully submit this response to the Motion of Dale Ylitalo for Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 31) (the "Motion"). Defendants submit this response in light of the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which governs the federal securities claims asserted in this action and requires that the Court: 1) consider any motion made by a purported member of the putative class alleged in this action within 90 days following Plaintiff's publication of a notice of the pendency of the action,[1] and 2) appoint as lead plaintiff the member or members of the putative class "that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i).

Mr. Ylitalo, who filed the Class Action Complaint ("Complaint") in this action, is the sole member of the putative class to seek appointment as lead plaintiff. Even in such circumstances, a District Court must review the movant's application to ensure that he or she has satisfied all prerequisites for appointment. *Lewis v. Lipocene Inc.*, No. 16-4009-BRM-LGH, 2016 WL 7042075, at *3 (D.N.J. Dec. 2, 2016) ("even where a motion to appoint lead plaintiff is unopposed, district courts have an obligation to review applications for the appointment of lead plaintiff") (internal quotations and citation omitted). *See also Clair v. DeLuca*, 232 F.R.D. 219, 228 (W.D.

---

[1] A notice of the filing of this action was published by Plaintiff on July 19, 2024. A copy of that notice is attached as Exhibit A to the Declaration of William B. Federman in Support of Motion of Dale Ylitalo for Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 31-2) (the "Federman Declaration").

Pa. 2005) ("[a] court is under no obligation to accept a proposed lead plaintiff merely because his or her appointment is unopposed by other members of the putative class"); *Guo v. Tyson Foods, Inc.*, No. 21-CV-552 (AMD) (JRC), 2023 WL 3765052, at *2 (E.D.N.Y. June 1, 2023) ("a proposed lead plaintiff whose application is unopposed is not automatically entitled to appointment"). And although defendants in this Circuit generally may not challenge the *adequacy* of a proposed lead plaintiff, *see, e.g.*, *Ito-Stone v. DBV Techs. S.A.*, No. 19-525 (MCA) (LDW), 2020 WL 6580776, at *4 (D.N.J. Nov. 10, 2020), the Third Circuit has held that a defendant in a putative securities class action may properly bring to the court's attention a lead plaintiff applicant's *procedural* failures. *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 266-67 (3d Cir. 2005) (recognizing defendant's standing to challenge lead plaintiff's failure to obtain court approval of the retention of counsel on appeal, as required by the PSLRA). Here, Plaintiff Ylitalo has failed to satisfy a critical procedural requirement of the PSLRA, disqualifying him from service as lead plaintiff.

The PSLRA requires that "[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification . . . filed with the complaint" attesting to six statements designed to, *inter alia*, demonstrate that the filing of the action was not improperly motivated. 15 U.S.C. § 77z-1(a)(2)(A); 15 U.S.C. § 78u-4(a)(2)(A). One of those six requirements is that the applicant identify "any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class . . . ." 15 U.S.C. § 77z-1(a)(2)(A)(v); 15 U.S.C. § 78u-4(a)(2)(A)(v).

Under penalty of perjury, Mr. Ylitalo signed and filed a certification with his Complaint that purports to attest to each of the six statements required by the PSLRA. (ECF No. 1-1, a copy

2

of which is attached as Exhibit B to the Federman Decl.). However, one of Mr. Ylitalo's sworn statements is patently false. Specifically, Mr. Ylitalo attests:

> I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years.

(ECF No. 1-1; Ex. B to the Federman Decl. ¶ 7). In truth, on January 16, 2024, some seven months before the filing of this action, Plaintiff Ylitalo and his company, R4 Construction LLC, filed a putative securities class action against Automatic Data Processing, Inc. and ACI in the United States District Court for the Middle District of Florida styled *Ylitalo, et al. v. Automatic Data Processing, Inc., et al.*, No. 2:24-cv-00055-SPC-NPM (the "Florida Action"). A copy of Mr. Ylitalo's "Florida Complaint" is attached as Exhibit A to the Certification of Loly G. Tor (the "Tor Certification") filed contemporaneously herewith. In his Florida Complaint, Mr. Ylitalo and his counsel made the same allegations appearing in the Complaint in the action before this Court, *i.e.*, that unlicensed and unregistered ADP sales personnel supposedly "sold" SIMPLE IRAs to members of the putative class, contributions to which were then invested in ACI mutual funds. In the Florida Action, Mr. Ylitalo and his construction company purported to bring federal securities claims "on behalf of themselves and on behalf of all others similarly situated." (Florida Compl., Ex. A to the Tor Certification, ¶ 50). Like the Complaint here, the Florida Complaint also asserted claims under ERISA, as well as Florida and New Jersey State law. (*Id.* at ¶¶ 101-27, 147-71). And the Florida Complaint defined the purported class to include "[a]ll individuals or entities who, because of statements or representations made by ADP's SBS sales representatives, purchased SIMPLE IRA(s) from ADP at any time from the date of filing to three years prior thereto" (*id.* at ¶ 51) – a definition encompassing the putative class defined in Paragraph 99 of the Complaint in the action before this Court.

In light of the foregoing, Mr. Ylitalo's sworn certification attesting that he has never

3

"sought to serve . . . as a representative party on behalf of a class" is indisputably false. It is undeniable that he in fact sought to serve as a class representative in the Florida Action, an action asserting claims under the securities laws that closely tracked the allegations of the Complaint in this case.[2] The Florida Complaint – again, like the Complaint in this case – was riddled with numerous and obvious defects, including flagrant failures to comply with statutory filing and pleading requirements established by the PSLRA. Defendants therefore filed motions to dismiss in March 2024 and – after Plaintiffs initially represented that they would seek leave to amend the Florida Complaint – they instead acknowledged the numerous defects in their pleading by voluntarily dismissing the Florida Action on April 23, 2024.[3] (*See* Plaintiffs' Notice of Voluntary Dismissal Without Prejudice, No. 2:24-cv-00055-SPC-NPM, ECF No. 58, a copy of which is

---

[2] In his sworn certification, Mr. Ylitalo curiously attests that he has "not sought to serve, nor served, as a representative party on behalf of a class *under this title* during the last three years." (ECF 1-1; Ex. B to the Federman Decl. ¶ 7 (emphasis supplied)). "[U]nder this title" appears nowhere in the PSLRA. But even if it did, the securities claims asserted in Count II of the action before this Court (claims under Section 10b and 20(a) of the Securities Exchange Act of 1934) are brought under the same Act as Ylitalo's claims in the Florida Action. (*See* Florida Compl., Ex. A to the Tor Certification, ¶¶ 66-79 (Count I, for "Violation of Section 11 and Section 12(a)(2) of the Exchange Act"); ¶¶ 80-86 (Count II, for "Violation of Section 15(a)(1) of the Exchange Act"); ¶¶ 87-96 (Count III, for "Violation of Section 15(c)(1)(A) of the Exchange Act"); and ¶¶ 97-100 (Count IV, for "Violation of Section 20(a) of the Exchange Act")). Similarly, if Mr. Ylitalo's use of the word "title" is an attempt to distinguish between the capacity in which he filed suit in the Florida Action and the capacity in which he has brought suit in this action, that contention would fail as well. In both actions Mr. Ylitalo identifies himself in the case caption as a plaintiff purporting to sue "individually and on behalf of all others similarly situated." And in both complaints, Mr. Ylitalo claims that Defendants' supposedly wrongful conduct caused him to "purchase SIMPLE IRAs . . . ." (Compl., ECF No. 1, ¶ 115; Florida Compl., Ex. A to the Tor Certification, ¶ 67). The incontrovertible fact is that Mr. Ylitalo *has* "sought to serve as a representative party on behalf of a class" in an action brought under the Exchange Act within far less than three years prior to the filing of the current action – and he has falsely denied doing so, under oath.

[3] Mr. Ylitalo did not file a PSLRA compliant certification in the Florida Action. By the time Plaintiff filed his certification in this case, Mr. Ylitalo and his counsel had months to prepare the required PSLRA compliant certification and still omitted any reference to the Florida Action.

4

320614287.1

attached as Exhibit B to the Tor Certification). Mr. Ylitalo's certification conceals all these events.

At a minimum, Mr. Ylitalo's submission of a false certification should disqualify him from serving as lead plaintiff in this litigation. *See, e.g.*, *Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("[h]ad Kaintz been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors [in his certification] . . . errors [that] nonetheless speak [] to a level of carelessness that rightly calls into doubt Kaintz's adequacy to be lead plaintiff") (internal quotations and citation omitted). In this case, the misstatement in Mr. Ylitalo's certification cannot be explained away or excused as a product of oversight or neglect: he knowingly served as a named plaintiff in the Florida Action, which he cannot now deny. And because Mr. Ylitalo is the only person who has sought to serve as lead plaintiff, his disqualification is fatal to the maintenance of this case as a class action. *Guo*, 2022 WL 5041798, at *6 (where application to serve as lead plaintiff was denied, action could proceed only on an individual, as opposed to a class, basis).[4]

The Court also may consider, *sua sponte*, issues identified by Defendants that bear upon the adequacy of Mr. Ylitalo to serve as a purported class representative. *See Fields v. Biomatrix*, 198 F.R.D. 451, 454 (D.N.J. 2000); *Blake Partners, Inc. v. Orbcomm, Inc.*, No. 07-4517 (WHW),

---

[4] An inaccurate certification was filed in the Florida Action, as well. Mr. Ylitalo's counsel, Mr. Federman, filed a certification in support of his motion to appear pro hac vice in the Florida Action in which he falsely attested that he had appeared in only two cases in the Florida District Courts within the preceding 36 months. (*See* Certification of William B. Federman, No. 2:24-cv-00055-SPC-NPM, ECF No. 10-1, a copy of which is attached as Exhibit C to the Tor Certification, at 2). When counsel for Automatic Data Processing filed a Notice disclosing that Mr. Federman had actually appeared in four other cases in the Florida District Courts within *one year* prior to his certification (*see* Notice Regarding Local Rule 2.01, No. 2:24-cv-00055-SPC-NPM, ECF No. 53, a copy of which is attached as Exhibit D to the Tor Certification), Mr. Federman moved to withdraw from the case, attributing the error in the number of cases in which he had appeared in the Florida U.S. District Courts to changes in software at his firm. (*See* Motion to Withdraw, 2:24-cv-00055-SPC-NPM, ECF No. 54, a copy of which is attached as Exhibit E to the Tor Certification).

2008 WL 2277117 (D.N.J. June 2, 2008). One such issue is obvious—his supposed damages. The Complaint alleges that that Mr. Ylitalo has contributed "over $2,000.00 in his SIMPLE IRA plan." (Compl., ECF No. 1, ¶ 77). But he does not claim that his contribution has been lost. Instead, he alleges only that an ADP sales representative stated that "his estimated return on the SIMPLE IRA would be 6.00%," but that his actual rate of return was "closer to 4%." (*Id.* ¶¶ 69, 78). Even assuming the federal securities laws allowed a claim to be predicated on a disappointed potential expectation (and they do not)[5], Ylitalo's damages total approximately $40.00.[6] Mr. Ylitalo's Memorandum of Law provides even *less* information concerning his purported "financial interest" in this case. The Ylitalo Memorandum states that to date, Mr. Ylitalo has invested "about $1,716.94" in his SIMPLE IRA account, used to purchase "approximately 137,139 shares of ACI's mutual funds." (Ylitalo Memorandum at 7).[7] Mr. Ylitalo then represents that "[t]o the best of his knowledge, Ylitalo is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest." (*Id.*). But Mr. Ylitalo's Motion and Memorandum never contend that he has lost so much as a dollar of the funds invested in his IRA.

Courts have concluded that claims of minimal dollar amounts are insufficient to incentivize a plaintiff to monitor counsel's performance. *See, e.g.*, *Guo*, 2022 WL 5041798 at *5-6 (combined losses of co-plaintiff totaling $323.20 were "nominal" and did not provide sufficient incentive to

---

[5] *See, e.g.*, *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 297 (3d Cir. 1991) (the "proper" "measure of damages in a Rule 10b-5 action" is "the out-of-pocket rule") (internal quotations and citation omitted); *In re Royal Dutch Shell Transp. Sec. Litig.*, 404 F. Supp. 2d 605, 610 (D.N.J. 2005) (same).

[6] $2,000 x .06 = $120.00.  $2,000 x .04 = $80.00.  $120.00 - $80.00 = $40.00.

[7] The statement that Ylitalo purchased "approximately 137,139 shares of ACI's mutual funds" is a typographical error—Mr. Ylitalo attests that he purchased 137.139 shares. (*Compare* Ylitalo Memorandum at 7, *with* Ylitalo's Sworn Certificate, ECF No. 1-1, at 1-2).

monitor counsel and control the litigation); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 234 n.8 (E.D.N.Y. 2011) (the purpose of requiring that a plaintiff have a large financial stake in a securities class action subject to the PSLRA is to avoid situations where "a named class representative has a minimal financial stake in the case and acts primarily as a tool of the lawyers who may well have recruited him"). In such cases, the action may proceed, but only on an individual basis. *See Guo*, 2022 WL 5041798 at *6.

For the foregoing reasons, Mr. Ylitalo's Motion for appointment as lead plaintiff should be denied, and this case should proceed – if at all – only as an action on his behalf alone.

Dated: September 23, 2024                                                            Respectfully submitted,

| **VENABLE LLP** | **K&L GATES LLP** |
|---|---|
| By: s/ Michael A. Guerra<br>Michael A. Guerra (ID# 089092013)<br>Xochitl S. Strohbehn*<br>151 West 42nd Street, 49th Floor<br>New York, New York 10036<br>Tel.: (212) 307-5500<br>Fax: (212) 307-5598<br>maguerra@venable.com<br>xochitl.strohbehn@venable.com<br><br>George Kostolampros*<br>600 Massachusetts Avenue NW<br>Washington, DC 20001<br>Tel.: (202) 344-4426<br>Fax: (202) 344-8300<br>gkostolampros@venable.com<br><br>Jonathan Perlman*<br>100 SE 2d Street, Suite 4400<br>Miami, Florida 33131<br>Tel.: (305) 349-2323<br>Fax: (305) 349-2310<br>jeperlman@venable.com<br><br>-and- | By: s/ Loly G. Tor<br>Loly G. Tor<br>One Newark Center<br>Newark, New Jersey 07102<br>Tel.: (973) 848-4000<br>loly.tor@klgates.com<br><br>John W. Rotunno*<br>Matt A. Alvis*<br>70 West Madison Street, Suite 3300<br>Chicago, Illinois 60602-4207<br>Tel.: (312) 372-1121<br>Fax: (312) 827-8000<br>John.Rotunno@klgates.com<br>Matt.Alvis@klgates.com<br><br>Stephen Topetzes*<br>1601 K Street NW<br>Washington, DC 20006<br>Tel.: (202) 778-9000<br>Fax: (202) 778-9100<br>Stephen.Topetzes@klgates.com<br><br>*Counsel for Defendant American Century Investment Services, Inc* |

320614287.1

**MCDONALD HOPKINS, LLC**
Christopher B. Hopkins*
Craig S. Distel*
Alaina B. Karsten*
501 S. Flagler Drive Suite 200
West Palm Beach, FL 33401      *Motions for *Pro Hac Vice* admission forthcoming.
Tel.: (561) 472-2121
Fax: (561) 472-2122
chopkins@mcdonaldhopkins.com
cdistel@mcdonaldhopkins.com
akarsten@mcdonaldhopkins.com

*Counsel for Defendants Automatic
Data Processing, Inc. and ADP, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on September 23, 2024, which will serve all counsel of record.

<p align="right"><em>/s/ Loly G. Tor</em></p>

9

320614287.1