# IN THE UNITED STATES DISTRICT COURT
# IN THE DISTRCT OF NEW JERSEY

| | |
|---|---|
| Dale Ylitalo, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | |
| v. | Case No. 2:24-cv-7635-JKS-LDW |
| Automatic Data Processing, Inc., ADP, Inc., and American Century Investments Services, Inc., | |
| *Defendants*. | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

# **TABLE OF CONTENTS**

I. STATEMENT OF FACTS ................................................................................1

II. ARGUMENT ....................................................................................................2

    A. Florida Case ...........................................................................................2

    B. Plaintiff's Damages Calculations ..........................................................3

    C. Defendants Have Not Shown Grounds for Disqualification.................5

III. CONCLUSION.................................................................................................7

# **TABLE OF AUTHORITIES**

Cases

*Greebel v. FTP Software, Inc.*

    939 F. Supp. 57, 60 (D. Mass. 1996)...............................................................3

*In re Telxon Corp. Sec. Litig.*

    67 F. Supp. 2d 803 (N.D. Ohio 1999) ......................................................2–3, 5

*Rodriguez v. DraftKings Inc.*

    No. 21 Civ. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) .......6

Other Authority

15 U.S.C. § 78u-4......................................................................................*passim*

Elliot J. Weiss and John S. Beckerman

    *Let the Money Do the Monitoring: How Institutional Investors*

    *Can Reduce Agency Costs in Securities Class Actions*,

    104 Yale L.J.2053, 2059 n. 28 (1995)............................................................5

Fed. R. Civ. P. 23 ................................................................................................6

Fed. R. Civ. P. 41 .............................................................................................2, 6

Plaintiff Dale Ylitalo ("Ylitalo" or "Plaintiff") respectfully submits this reply to Defendants' – Automatic Data Processing, Inc. ("Automatic"), ADP, Inc. ("ADP"), and American Century Investment Services, Inc. ("ACI"), (collectively, "Defendants") – Response to Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Counsel ("Response") (ECF No. 32). In support thereof, Plaintiff states as follows:

## I.   STATEMENT OF FACTS

In an attempt to prevent Plaintiff from litigating any claims against Defendants, Defendants want to essentially strike Plaintiff's Motion For Lead Plaintiff based solely on their contention that Plaintiff did not adequately comply with the Private Securities Litigation Act ("PSLRA") certification requirements, 15 U.S.C. § 78u-4(2)(A)(v). Defendants claims that Plaintiff failed to state in his certification that he had previously filed a securities lawsuit against Automatic and ACI in Florida.

On January 16, 2024, Plaintiff filed a lawsuit against Automatic and ACI for claims arising out of their illicit use of ADP's unlicensed and unregistered Small Business Services ("SBS") sales representatives to sell securities (the "Florida case").[1] In that case, Plaintiff brought common law claims for unjust enrichment,

---

[1] *Ylitalo, et al. v. Automatic Data Processing, Inc., et al.*, No. 2:24-cv-00055-SPC-NPM (M.D. Fla.)

1

gross and negligent misrepresentations, violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") Fla. Stat. § 501.201, *et seq.*, state securities claims, and claims arising under the Securities Act of 1933 and Securities and Exchange Act of 1934. As noted in Defendants' Response, Plaintiff did *not* file a motion for lead or any other certification under the PSLRA in that case. (ECF No. 32, p. 4, n. 3). Rather, Plaintiff voluntarily and *permissibly* dismissed his claims in the Florida case, pursuant to Fed. R. Civ. P. 41. Plaintiff has not made any misstatements to this Court, and Defendants cannot show that Plaintiff – the sole person seeking leadership appointment in this case – should be disqualified from serving as lead plaintiff in this case.

## II. ARGUMENT

### A. Florida Case

The PSLRA requires that "[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certificate, which shall be personally signed by such plaintiff and filed with the complaint, that –" "identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class." 15 U.S.C. § 78u-4(2)(A)(v). Under the language of the PSLRA, a plaintiff has not "sought to serve as a representative party" until he, she, or it has filed a certification under the PSLRA *and* motion for

2

leadership. *See, e.g.*, *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803 (N.D. Ohio 1999) (defining those parties who have filed motions for appointment of lead plaintiff as the parties "seeking" to serve as lead plaintiff).

Unlike most other class action cases, in securities cases, merely filing a class action complaint does *not* constitute an application for lead plaintiff in that case. There is no dispute that the PSLRA requires that any persons or entity who seeks to serve as a representative party file a separate motion specifically requesting leadership. 15 U.S.C. § 78u-4(3)(B).

Here, Plaintiff did not "seek to serve as a representative party" in the Florida case. Plaintiff did not file a PSLRA certification in conjunction with the Florida complaint nor did he file a motion for leadership in the Florida case. Rather, at the outset, the Florida case focused more on the common law claims and the state law securities claims. Ultimately, Plaintiff decided to voluntarily dismiss the Florida case and purse his claims under the PSLRA in this Court.

### B.   Plaintiff's Damages Calculations

Defendants do not have standing to challenge Plaintiff's damages calculation at this stage in the proceeding. The text of 15 U.S.C. § 78u-4 clearly indicates that the issue as to who will stand as lead plaintiff is one over which only potential plaintiffs may be heard. *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996). 15 U.S.C. § 78u-4 "demarcates the line at which defendants have an interest

3

in challenging the adequacy of a person seeking to become a lead plaintiff." *Id.* Defendants will have the opportunity to dispute Plaintiff's damages calculations at trial.

Regardless, Plaintiff has established a substantial financial loss in this case. As established in his Complaint and Motion for Lead Plaintiff, Plaintiff would not have purchased the SIMPLE IRA if he had known the truth behind Defendants' misrepresentations and omissions. (ECF No. 1, ¶¶ 88–89; ECF No. 31-1, p. 9). This is not a case where Defendants' misstatement inflated the price of the securities. Rather, Defendants' misstatements and omissions lead Plaintiff to believe that a SIMPLE IRA would provide him an adequate investment for his future. As set out in his Complaint, these representations were false and intended to provide misleading investment advice. *See, e.g.*, (ECF No. 1, ¶¶ 69–78). Unlike other investments, investors are penalized for pulling money out of IRA accounts before they reach a certain age. In this case, Plaintiff would not have invested his $2,000.00 in the IRA account, but would have used that money elsewhere, either to fund his life presently or with other investments. (ECF No. 1, ¶¶ 88–89; ECF No. 31-1, p. 9)

Moreover, Plaintiff's Complaint states he relied on SBS's sales representatives' promises of a 6.00% or higher return rate – a rate that he has not realized. (ECF No. 1, ¶¶ 65–66, 69, 78, 80). Plaintiff's purchase of ACI's mutual funds through its SIMPLE IRA is ongoing, pursuant to the terms of the contract.

4

(ECF No. 31-2, ¶ 6). During this time, Plaintiff's investments – sealed in an IRA from which he cannot withdraw funds without penalty – continue to perform below the rate he was promised.

Finally, the SIMPLE IRA at issue in this case was intended to constitute Plaintiff's retirement plan. Plaintiff alleged he owns and operates his own company and purchased for himself a SIMPLE IRA from ADP in order to plan for his future. (ECF No. 1, ¶¶ 18, 35, 76–77). This is not a situation where the plaintiff has "widely dispersed and thinly spread stockholdings." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d at 813 (quoting Elliot J. Weiss and John S. Beckerman, *Let the Money Do the Monitoring: How Institutional Investors Can Reduce Agency Costs in Securities Class Actions,* 104 Yale L.J.2053, 2059 n. 28 (1995)). Retirement plannings and savings are critical in the United States and generate considerable interest from their investors. Plaintiff has established a substantial interest in pursuing this litigation and capability of representing the class.

### C. Defendants Have Not Shown Grounds for Disqualification

Defendants have not shown that Plaintiff is not qualified or should otherwise be disqualified from being appointed lead plaintiff in this case. Plaintiff is certainly not the "professional plaintiff" that the PSLRA seeks to prevent. Rather, his only other connection with securities cases is the prior Florida case – a case where Plaintiff did not file a motion for lead plaintiff. Voluntarily dismissing a case in one

jurisdiction – as permitted under Fed. R. Civ. P. 41 – and filing suit in a separate jurisdiction is not the type of conduct that the PSLRA seeks to avoid.

Moreover, Defendants' dispute of Plaintiffs' damages calculation is not sufficient to show that Plaintiff is not qualified to serve as lead plaintiff. At this stage in the litigation, the sole purpose of calculating damages is to aid the Court in determining the plaintiff most capable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, no other person or entity has sought appointment as representative plaintiff in this case. As such, Plaintiff may still maintain his position that he, to the best of his knowledge, has the largest financial interest in the litigation and meets the requirements of Fed. R. Civ. P. 23.

Defendants cannot point to another potential representative plaintiff who is better suited to represent the class. Rather, Defendants' Response is a thinly veiled attempt to avoid liability for their wrongdoings all together. In support of their claims that Plaintiff should be disqualified, Defendants point to only one case, *Rodriguez v. DraftKings Inc.*, No. 21 Civ. 5739 (PAE), 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021), where the Court was choosing between *multiple* motions to appoint lead plaintiffs. The *Rodriguez* case is further distinguishable from this case as Plaintiff has set forth his reasonable justifications for drafting his certification as he did.

6

### III. CONCLUSION

For the foregoing reasons, Ylitalo requests that the Court grant his motion and enter an Order: (1) appointing Ylitalo as Lead Plaintiff, (2) approving Federman & Sherwood as Lead Counsel and Kantrowitz, Goldhamer & Graifman, P.C. as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated: September 26, 2024

By: */s/William B. Federman*
William B. Federman*
Jessica A. Wilkes*
**Admitted Pro Hac Vice*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
jaw@federmanlaw.com

*Counsel for Lead Plaintiff Movant Ylitalo and Proposed Lead Counsel for the Class*

### CERTIFICATE OF SERVICE

I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on September 25, 2024.

*/s/ William B. Federman*
William B. Federman