# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Dale Ylitalo and R4 Construction, LLC, individually and on behalf of all others similarly situated, | |
| *Plaintiffs,* | |
| v. | Case No. |
| Automatic Data Processing, Inc., and American Century Investments Services, Inc., | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## CLASS ACTION COMPLAINT

Plaintiffs Dale Ylitalo and R4 Construction, LLC ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this action against Defendants Automatic Data Processing, Inc.[1] and American Century Investments Services, Inc. ("American Century Investments") (collectively "Defendants"). Plaintiffs allege the following upon information and belief, except as to those allegations concerning Plaintiffs, which are alleged upon personal knowledge. Plaintiffs' information and belief is based upon, among other

---

[1] ADP, LLC and ADP, Inc. are subsidiaries of Automatic Data Processing, Inc. (collectively "ADP").

things, their counsel's investigation. In support thereof, Plaintiff alleges the following:

## I. INTRODUCTION

1. This is a class action on behalf of persons and entities that, from the date of filing to three years prior thereto (the "Class Period"), purchased or otherwise acquired ADP's SIMPLE IRAs (hereinafter "SIMPLE IRAs"), the funds for which were invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.. The action is brought against Defendants for violations of Section 11, 12(a)(2), 15(a), 15(c), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), N.J.S.A. 49:3-52 and 49:3-56, Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. 501.201, *et seq.*, Fla. Stat. 517.311, and Fla. Stat. 517.12. Plaintiffs also bring claims for fraud in the inducement, gross negligence, negligent misrepresentation, and unjust enrichment.

2. ADP provides human resources management software and services such as payroll services, time and attendance tools, tax services, compliance services, benefits administration, and retirement plans. ADP offers services across the United States.

3. Along with these services, ADP cross-sells retirement plans including SIMPLE IRAs, the funds for which are invested in American Century Investments'

mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. These SIMPLE IRAs are securities governed by the Exchange Act.

4.     During the Class Period, ADP sold SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, to the class, through ADP employees who are unlicensed and unregistered.

5.     American Century Investments knew of and encouraged the use of unlicensed and unregistered personnel to sell the SIMPLE IRA plans, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. American Century Investments participated in training the unlicensed and unregistered ADP employees to sell SIMPLE IRA plans.

6.     Defendants failed to properly train and supervise their unlicensed and unregistered personnel in selling securities.

7.     Defendants failed to disclose to consumers that their unlicensed and unregistered personnel are required to sell a certain number of SIMPLE IRAs or were otherwise provided incentives to sell SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

8.   As a result of Defendants' wrongful acts and omissions, Plaintiffs and the Class Members were induced into purchasing SIMPLE IRAs.

9.   As a result of Defendants' wrongful acts and omissions, Plaintiffs and the Class Members have incurred monetary damages and attorney fees and costs.

## II.   JURISDICTION AND VENUE

10.   The claims asserted herein arise under Sections 11, 12(a), 15(a), 15(c), and 20(a) of the Exchange Act (15 U.S.C. § 77k, § 77l(a), § 78o(c)(1), and § 78t(a)) and 29 U.S.C. § 1106. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). This Court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C § 1367 because the claims form the same case or controversy under Article III of the United States Constitution.

11.   This Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because this is a class action involving more than 100 class members, the amount in controversy exceeds $5 million, exclusive of interest and costs, and Plaintiffs and Class Members are citizens of states that differ from Defendants.

12.   This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with the State of Florida.

13. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

14. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and facilities of the national securities exchange.

### III.    PARTIES

15. Plaintiff Dale Ylitalo is a citizen of Naples, Florida.

16. R4 Construction, LLC is a limited liability company filed under the laws of Florida, with its principal place of business located in Naples, Florida.

17. Defendant Automatic Data Processing, Inc. is incorporated in Delaware with its principal place of business located in Roseland, New Jersey. All claims against ADP are brought against ADP, its subsidiaries and assigns.

18. Defendant American Century Investment Services, Inc. is incorporated in Missouri with its principal place of business located in Kansas City, Missouri.

### IV.    SUBSTANTIVE ALLEGATIONS

19. ADP Employer Services is a division of ADP, Inc. ADP Retirement Services is a part of the Employer Services division. ADP Retirement Services

provides recordkeeping and administrative services to tax-qualified contribution retirement plans.

20.     ADP sells IRA plans, including SIMPLE IRAs and SEP IRAs ("SEP IRAs").

21.     ADP markets and/or provides money management services in connection with two IRA institutions for more than 15,000 SIMPLE IRA plans.

22.     ADP's SIMPLE IRAs funds are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, making them securities governed by the Exchange Act.

23.     ADP employs sales representatives in ADP Small Business Services ("SBS"). Little to none of the SBS sales representatives are licensed as broker-dealers or as sales representatives under Financial Industry Regulatory Authority ("FINRA") or their respective states.

24.     The SBS sales representatives sell ADP products to small business owners, including SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. The SBS sales representatives initiate contact with the small business owners, talk to them about the benefits of SIMPLE IRAs, discuss the terms of a SIMPLE IRA, estimate returns on a SIMPLE IRA, ultimately selling small business owners on investing in the SIMPLE IRAs, for which American

Century Investments is ADP's exclusive partner/provider of investments/securities. The money used to fund the SIMPLE IRAs are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

25. The unlicensed and unregistered SBS sales representatives call customers or potential customers to discuss and sell them SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. The SBS sales representatives discuss with these customers, including Plaintiffs and the Class Members, the projected rates of return, investment potential, and the investment benefits of the SIMPLE IRAs and that American Century Investments is ADP's exclusive partner and provider of the investments and securities for the SIMPLE IRAs. The SBS sales representatives use language of solicitation, qualification, and detailed descriptions of the investment opportunities.

26. Defendants had policies and procedures in place which encouraged and/or required the unlicensed and unregistered SBS sales representatives to sell SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

27.     ADP encourages their unlicensed and unregistered SBS sales representatives to sell SIMPLE IRAs through training, incentives, reviews, and requirements.

28.     ADP trains and encourages their unlicensed and unregistered SBS sales representatives to go beyond generally piquing the interest of potential clients. ADP required the SBS sales representatives to make the sales pitch in a manner that by the time the unlicensed and unregistered sales representative would send the client to a FINRA licensed ADP employee, the unlicensed and unregistered SBS sales representative had already sold the customer on the SIMPLE IRA, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, and an ADP employee, registered and/or licensed under FINRA and State licensing laws, merely rubber stamped the agreement.

29.     It was understood by ADP and all ADP employees that the unlicensed and unregistered SBS sales representatives were the ones selling the SIMPLE IRAs. The unlicensed and unregistered SBS sales representatives had monthly sales quotas for SIMPLE IRAs they were expected and required to meet each month.

30.     The unlicensed and unregistered SBS sales representatives did not meet their sales quotas simply by sending clients over to talk to a licensed ADP employee or broker. The unlicensed and unregistered SBS sales representatives

were required to have "closed" the customer on the deal and send a sold customer's SIMPLE IRA to a licensed ADP employee or broker for rubber stamp approval to meet their quotas.

31.    The requirement to "sell" a certain number of SIMPLE IRAs each month was not given to the FINRA licensed ADP employees.

32.    ADP offers incentives for the unlicensed and unregistered SBS sales representatives to sell SIMPLE IRAs by rewarding SBS sales representatives with days off, cash bonuses sent over Venmo, gift cards, and other tangible prizes as well as compensation for the sale.

33.    The unlicensed and unregistered SBS sales representatives did not receive compensation or credit for a completed sale of the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, unless the sale closed.

34.    ADP pressures and bribes unlicensed sales associates to sell SIMPLE IRAs to their clientele. ADP trained its unlicensed sales employees to favor SIMPLE IRAs over other IRA plans.

35.    ADP's compliance department is required to authorize and does authorize these promotions, requirements, and incentives and is aware that sales solicitations and sales of SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of

sale of the SIMPLE IRAs, are being made by unlicensed and unregistered sales representatives.

36.    American Century Investments knew of these sales requirements, promotions, and incentives, and encouraged the sale of SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, by unlicensed and unregistered SBS sales representatives.

37.    ADP and American Century Investments train SBS sales representatives on how to sell SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, using talk tracks, videos, and presentations.

38.    ADP and American Century Investments did not provide the same training to SBS sales representatives to sell SEP IRAs. Even if the SEP IRAs were a better option for the client, the SBS sales representatives encouraged clients to purchase the SIMPLE IRAs over the SEP IRAs.

39.    To encourage and aid the unlicensed and unregistered SBS sales representatives in selling SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, ADP created an online calculator called SIMPLE Calculator. The SIMPLE Calculator allows ADP's SBS sales representatives to

input data, such as the amount of money the small business owner wanted to spend each month, employee contributions, company matches, annual salaries, and an employee's tax bracket, in order to calculate the cost, savings, and projected return on investment offered with a SIMPLE IRA, invested in securities provided by American Century Investments.

40.     ADP made the SIMPLE Calculator available for the unlicensed and unregistered SBS sales representatives to use in soliciting and selling SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

41.     With the SIMPLE Calculator, unlicensed and unregistered SBS sales representatives ask ADP customers how much they are comfortable setting aside for retirement, discuss the price of a SIMPLE IRA, explain tax savings with SIMPLE IRA, estimate investment returns on the SIMPLE IRA, and show potential outcomes of the SIMPLE IRA investments.

42.     As a result, the SBS sales representatives are using the SIMPLE Calculator to give customers, such as Plaintiffs and the Class Members, estimated returns based on unreliable and unlikely return rates.

43.     American Century Investments knows of and encourages ADP's use of these strategies to sell SIMPLE IRAs, the funds for which are invested in

American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs

44.     Defendants intended that the clients rely on the statements or omissions made by the unlicensed and unregister SBS sales representatives, including the return rates.

45.     Defendants failed to properly or adequately train or educate the SBS sales representatives on their legal limitations as unlicensed and unregistered salespersons. Rather, Defendants knowingly encouraged the SBS sales representatives to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, without a brokerage or FINRA license.

46.     Defendants did not inform Plaintiffs or the Class Members that the unlicensed and unregistered SBS sales representatives were being given incentives to or were required to push the SIMPLE IRAs over other plans.

47.     Plaintiffs and other Class Members relied on the statements made by the unlicensed and unregistered SBS sales representatives in purchasing SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

48.     Plaintiffs and the Class Members purchased SIMPLE IRAs without being fully informed of their investments and the incentives offered to the SBS sales representatives.

49.     As a result, Plaintiffs and the Class Members have suffered damages, including, but not limited to, monetary damages, attorney fees, and cost.

## V.     CLASS ACTION ALLEGATIONS

50.     Plaintiffs bring this nationwide class action on behalf of themselves and on behalf of all others similarly situated pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

51.     The Class that Plaintiffs seek to represent is defined as follows:

> All individuals or entities who, because of statements or representations made by ADP's SBS sales representatives, purchased SIMPLE IRA(s) from ADP at any time from the date of filing to three years prior thereto (the "Class").

52.     Excluded from the Classes are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus,

boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

53.     Plaintiffs reserve the right to modify or amend the definition of the proposed classes before the Court determines whether certification is appropriate.

54.     **Numerosity (Fed. R. Civ. P. 23(a)(1)):** The Class is so numerous that joinder of all members is impracticable. ADP sold SIMPLE IRAs to thousands of individuals through their unlicensed and unregistered SBS sales representatives.

55.     **Commonality (Fed. R. Civ. P. 23(a)(2) & (b)(3)):** Questions of law and fact common to the Classes exist and predominate over any questions affecting only individual Class Members. These include:

> a.     Whether Defendants used unlicensed and unregistered sales representatives to sell securities;

> b.     Whether Defendants failed to adequately train the unlicensed and unregistered SBS sales representatives;

> c.     Whether and to what extend Defendants had a duty to disclose the unlicensed and unregistered sales representatives' monthly sales quotas to Plaintiffs and the Class Members; and

> d.     Whether and to what extend Defendants had a duty to disclose the unlicensed and unregistered sales representatives' compensation, bonuses, and other benefits to Plaintiffs and the Class Members.

56. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiffs' claims are typical of those of other Class Members because all invested in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, after being solicited by ADP's unlicensed and unregistered sales representatives and without material information about the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, including that the sales representatives were unlicensed and unregistered.

57. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply to and affect Class Members uniformly and Plaintiffs' challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs.

58. **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiffs will fairly and adequately represent and protect the interests of Class Members in that they have

no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class. Plaintiffs seek no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights and the damages they have suffered are typical of other Class Members. Plaintiff have retained counsel experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.

59.    **Superiority and Manageability (Fed. R. Civ. P. 23(b)(3)):** The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendants. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

60.    The nature of this action and the nature of laws available to Plaintiffs and Class Members make the use of the class action device a particularly efficient

and appropriate procedure to afford relief to Plaintiffs and Class Members for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

61. The litigation of the claims brought herein is manageable. Defendants' uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

62. Adequate notice can be given to Class Members directly using information maintained in Defendants' records.

63. Unless a Class-wide injunction is issued, Defendants may continue to sell SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, through unlicensed and unregistered SBS sales representatives, and may

continue to make material misrepresentations, omissions, or concealments regarding the SBS sales representatives' compensation.

64.     Further, Defendants have acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

65.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

     a.     Whether Defendants owed a duty to Plaintiffs and Class Members to adequately and sufficiently inform them on SIMPLE IRA, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs;

     b.     Whether Defendants owed a duty to Plaintiffs and Class Members to adequately and sufficiently inform them on the SBS sales representatives' sales quotas and compensation rates;

     c.     Whether Defendants violated their duties to Plaintiffs and Class Members;

      d.     Whether Defendants violated the Exchange Act; and

      e.     Whether Defendants violated state law.

## VI.   CLAIMS FOR RELIEF

### COUNT I
### Violation of Section 11 and Section 12(a)(2) of the Exchange Act
### (Plaintiffs on Behalf of the Class Against All Defendants)

66.    Plaintiffs incorporate paragraphs 1 through 65 each allegation contained above, as though fully set forth herein.

67.    During the Class Period, Defendants negligently or recklessly carried out a plan, scheme and course of conduct which, throughout the Class Period, (i) deceived investors in the SIMPLE IRA, including Plaintiffs and the Class Members, as alleged herein; (ii) caused Plaintiffs and the Class Members to purchase SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, and (iii) caused Plaintiffs and the Class Members substantial losses.

68.    Defendants (i) employed devises, schemes, and artifices to negligently or recklessly make material misrepresentations to investors; (ii) negligently or recklessly omitted statements of material fact or made negligent or reckless concealments, and (iii) negligently or recklessly engaged in acts, practices, and course of business which failed to properly, adequately, and completely disclose pertinent information or otherwise misrepresented

information to purchasers of securities, including Plaintiffs and the Class Members, in violation of Section 11 and 12(a)(2) of the Exchange Act.

69.     All Defendants are sued both as primary participants in the wrongful and illegal conduct charged herein and as controlling persons. Defendants are sued as a primary participant in that, the SBS sales representatives and other employees acted as agents of Defendants. Defendants are also sued as a controlling person in that, Defendants and their employees and agents possessed both direct and indirect power to direct or cause the direction of the management and policies of the personnel engaged in selling SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

70.     ADP encouraged and bribed unlicensed and unregistered sales representatives to sell SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. ADP required its sales representatives to sell a minimum number of SIMPLE IRAs within a certain time period.

71.     American Century Investments knew of and encouraged these sale tactics, including requiring unlicensed and unregistered SBS sales representatives to sell the SIMPLE IRAs, the funds for which are invested in American Century

Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

72.    Defendants failed to inform Plaintiffs and the Class Members of material information regarding the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. Defendants' misrepresentations, material omissions and concealments include, but are not limited to:

a.    Omissions and/or concealments regarding the SBS sales representatives' commissions, including bonuses, prizes, days off, and other benefits for the sale of certain SIMPLE IRAs;

b.    Omissions and/or concealments regarding the SBS sales representatives' required sales quotas;

c.    Omissions and/or concealments that the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, were being sold by unlicensed and unregistered sales personnel;

d.    Omissions and/or concealments that SBS sales representatives were required and/or encouraged to sell SIMPLE IRA plans over other IRA plans; and

e.    Misrepresentations regarding the potential return on SIMPLE IRAs.

73.     Defendants, individually and in concert, directly and indirectly, by the use, means, or instrumentalities of interstate commerce and/or of the mails, electronic mailing, or telephone communications, engaged and participated in a continuous course of conduct to conceal adverse material information about the compensation of the persons selling the securities, as specified herein.

74.     Defendants employed devices, schemes, and artifices to defraud by intentionally withholding information not available to the customers or the public and engaged in acts, practices, and a course of conduct as alleged herein in an effort to ensure that the customers do purchase or are not discouraged from purchases SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

75.     Defendants knew or reasonably should have known of the misrepresentations and/or omissions of material facts as set forth herein or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were readily available to them. Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of selling the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. If Defendants did not have actual knowledge

of the misrepresentations and/or omissions alleged, the Defendants were negligent or reckless in failing to obtain such knowledge by negligently or deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

76. As a result of the Defendants' material misrepresentations and/or omissions, Plaintiffs and other members of the Class were led to believe that the SIMPLE IRAs were a better investment than it was, and did invest in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

77. At the time, Plaintiffs and other members of the Class were not aware of the misrepresentations and/or omissions. Had Plaintiffs and other members of the Class known of the misrepresentations and/or omissions, they would not have purchased the SIMPLE IRAs.

78. By virtue of the foregoing, Defendants violated Section 11 and Section 12(a)(2) of the Exchange Act.

79. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with their respective purchases and sales of the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, during the Class Period.

## COUNT II
## Violation of Section 15(a)(1) of the Exchange Act
## (Plaintiffs on Behalf of the Class Against All Defendants)

80.    Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

81.    During the Class Period, Defendants, either directly or indirectly, used unlicensed and unregistered persons and/or persons otherwise not in compliance with Section 15(a)(2) of the Exchange Act (15 U.S.C. § 78(a)(2)) to make use of mail or any means of instrumentality of interstate commerce to effect transactions in, induce, and/or attempt to induce the sale of securities.

82.    ADP's SBS sales representatives induced, attempted to induce, and/or substantially engaged in the purchase and sale of SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, to investors, including Plaintiffs and the Class Members. ADP's SBS sales representatives, however, knowingly were not registered with the SEC and FINRA as broker-dealers pursuant to Section 15(b) of the Exchange Act (15 U.S.C. § 78o(b)).

83.    ADP encouraged and bribed unlicensed and unregistered SBS sales representatives to sell SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. ADP required its unlicensed and unregistered SBS sales

representatives to sell a minimum number of SIMPLE IRAs within a certain time period.

84. American Century Investments knew of and encouraged these sale tactics, including requiring unlicensed and unregistered SBS sales representatives to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

85. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiffs and the Class Members purchased the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, and suffered damages in connection with their purchases of the SIMPLE IRAs during the Class Period.

86. By reasons of the foregoing, Defendants violated, and unless enjoined, will continue to violate Section 15(a)(1) of the Exchange Act (15 U.S.C. § 78o(a)(1)).

## COUNT III
### Violation of Section 15(c)(1)(A) of the Exchange Act
**(Plaintiffs on Behalf of the Class Against All Defendants)**

87. Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

88. During the Class Period, Defendants had employees or agents who were registered with the SEC and FINRA as broker-dealers pursuant to Section 15(b) of the Exchange Act (15 U.S.C. § 78o(b)). ADP's SBS sales representatives, however, knowingly were not registered with the SEC and FINRA as broker-dealers pursuant to Section 15(b) of the Exchange Act (15 U.S.C. § 78o(b)).

89. As set forth above, Defendants directly or indirectly, by use of the means or instrumentality of interstate commerce, of the mails, or any facility of any national securities exchange, used or employed, in connection with the purchase or sale, or the inducement or attempted inducement of the purchase or sale, of securities otherwise than on a national exchange, acts, practices, or courses of business that constitutes a manipulative, deceptive, or other fraudulent device or contrivance.

90. Defendants failed to inform Plaintiffs and the Class Members of material information regarding the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. Defendants' misrepresentations, material omissions and concealments include, but are not limited to:

a. Omissions and/or concealments regarding the SBS sales representatives' commissions, including bonuses, prizes, days off, and other benefits for the sale of certain SIMPLE IRAs, the funds for

which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs;

b. Omissions and/or concealments regarding the SBS sales representatives' required sales quotas;

c. Omissions and/or concealments that the SIMPLE IRAs, the funds for which were invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, were being sold by unlicensed and unregistered sales personnel;

d. Omissions and/or concealments that SBS sales representatives were required and/or encouraged to sell SIMPLE IRA plans over other IRA plans; and

e. Misrepresentations regarding the potential return on SIMPLE IRAs.

91.   Defendants knew or should have known that its SBS sales representatives used inaccurate estimated investment return rates via the SIMPLE Calculator provided by ADP to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

92.   ADP encouraged and bribed unlicensed and unregistered sales representatives to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of

sale of the SIMPLE IRAs. ADP required its sales representatives to sell a minimum number of the SIMPLE IRAs within a certain time period.

93.    American Century Investments encouraged these sales tactics and trained ADP's unlicensed and unregistered SBS sales representatives to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

94.    Defendants conduct amounts to manipulative, deceptive, or otherwise fraudulent sales tactics used to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

95.    Defendants omitted such facts and made such misrepresentations in conversations with investors across the United States to induce investors to purchase the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiffs and the Class Members purchased the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, and suffered damages in connection with their purchases of the SIMPLE IRAs during the Class Period.

96.     By reasons of the foregoing, Defendants violated, and unless enjoined, will continue to violate Section 15(c)(1)(A) of the Exchange Act (15 U.S.C. § 78o(c)(1)(A)).

## COUNT IV
## Violation of Section 20(a) of the Exchange Act
### (Plaintiffs on Behalf of the Class Against All Defendants)

97.     Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

98.     Defendants acted as controlling persons of SBS sales representatives within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their ownership and contractual rights, participation in, and/or awareness of the operations of the SBS sales representatives, and intimate knowledge of the material information concealed from the investing public, Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the SBS sales representatives, including their participation in the fraudulent scheme alleged herein.

99.     Defendants had direct and supervisory involvement in the day-to-day operations of the SBS sales representatives and, therefore, had the power to control or influence the particular decisions giving rise to the securities violations as alleged herein, and exercise the same.

100.    As set forth above, Defendants, by and through their employees and agents, each violated Section 20(a) by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with their purchases of SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, during the Class Period.

**COUNT V**
**VIOLATION OF 29 U.S.C. § 1106**
**(Plaintiffs on Behalf of the Class Against All Defendants)**

101.    Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

102.    Defendants had a fiduciary relationship with the investors of SIMPLE IRAs, – the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs – including Plaintiffs and the Class Members, where Defendants owed fiduciary duties to Plaintiffs and the Class Members.

103.    Defendants knew or should have known that the SBS sales representatives received incentives, such as bonuses, gift cards, days off, and other benefits, for the sale of the SIMPLE IRAs, the funds for which are invested in

American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. Defendants knew or should have known that the SBS sales representatives were required to sell a certain number of the SIMPLE IRA plans each month. As a result, the SBS sales representatives received consideration for their sale of the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

104.    In selling the SIMPLE IRAs, Defendants obtained a substantial benefit and maintained a substantial interest in the sale of the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, in violation of 29 U.S.C. § 1106.

105.    Defendants knowingly participated in and/or knowingly concealed information surrounding the sale of the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, by persons who received a substantial benefit from the sale.

106.    As a result, Defendants breached their fiduciary duties to Plaintiffs and the Class Members. Plaintiffs and the Class demand restoration of the profits Defendants gained, and the losses Plaintiffs and the Class experienced as a result of the sale.

## COUNT VI
## <u>VIOLATION OF N.J.S.A. 49:2-56</u>
### (Plaintiffs on Behalf of the Class Against All Defendants)

107.    Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

108.    As set forth above, the Defendants used unlicensed and unregistered SBS sales representatives to sell securities.

109.    Defendants knew or should have known that these unlicensed and unregistered SBS sales representatives were going beyond piquing the interest of Plaintiffs and the Class Members and were acting as agents of ADP's broker-dealers to sell securities.

110.    N.J.S.A. 49:3-56(a) makes it unlawful for any person to act as an agent for a broker-dealer "unless that person is registered or exempt from registration" under securities laws.

111.    N.J.S.A. 49:3-56(h) makes it unlawful for any broker-dealer to employ an agent unless that person is registered under securities laws.

112.    The SBS sales representatives were not licensed or registered under FINRA or New Jersey laws. Yet, Defendants intentionally used the SBS sales representatives to act as agents for ADP's broker dealers to sell the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds

as selected and sold at the time of sale of the SIMPLE IRAs, in violation of N.J.S.A. 49:2-56.

113. The unlicensed and unregistered SBS sales representatives meet with potential investors, including Plaintiffs and the Class Members, as the face of ADP and solicited their investments.

114. As a result, Plaintiffs and the Class Members invested in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

115. As a result, Plaintiffs and the Class Members have suffered substantial harm.

## COUNT VII
## VIOLATION OF N.J.S.A 49:3-52(b)
### (Plaintiffs on Behalf of the Class Against All Defendants)

116. Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

117. As set forth above, the Defendants negligently or recklessly made material omissions or concealments to Plaintiffs and Class Members to induce them to purchase the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, through ADP's unlicensed and unregistered sales representatives in violation of N.J.S.A. 49:3-52(b).

118.     Defendants failed to inform Plaintiffs and the Class Members of material information regarding the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. Defendants' misrepresentations, material omissions and concealments include, but are not limited to:

a.     Omissions and/or concealments regarding the SBS sales representatives' commissions, including bonuses, prizes, days off, and other benefits for the sale of certain SIMPLE IRAs;

b.     Omissions and/or concealments regarding the SBS sales representatives' required sales quotas;

c.     Omissions and/or concealments that the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, were being sold by unlicensed and unregistered sales personnel;

d.     Omissions and/or concealments that SBS sales representatives were required and/or encouraged to sell the SIMPLE IRA plans over other IRA plans; and

e.     Misrepresentations regarding the potential return on the SIMPLE IRAs.

119.    A reasonable investor would place great significance on these misrepresentations, material omissions, and concealments and find that their disclosure is material to investing in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

120.    Defendants knew or should have known at the time that these omissions or concealments were material to the Plaintiffs and the Class Members' purchase, such that, had the material information been disclosed, Plaintiffs and the Class Members would not have purchased the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

121.    Defendants had a duty under law to disclose to Plaintiffs and the Class Members the information that was negligently or recklessly omitted or concealed.

122.    Plaintiffs and the Class Members were ignorant of the material omissions or concealments. Plaintiffs and the Class Members did not have a reasonable or equal opportunity to learn of or otherwise discover the information omitted or concealed.

123.    Defendants knew or should have known that Plaintiffs and the Class Members were ignorant to the material information intentionally omitted or concealed.

124.    Defendants knew or should have known that these material omissions or concealments would induce reliance, on behalf of Plaintiff and the Class Members, to invest in the SIMPLA IRAs.

125.    Defendants intended for Plaintiffs and the Class Members to rely on the material misrepresentations, omissions, and concealments.

126.    As a result, Plaintiffs and the Class Members did in fact rely on these material omissions or concealments and invested in SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

127.    As a proximate result of Defendants' negligent or reckless misrepresentations, Plaintiffs and the Class Members have suffered substantial harm.

**COUNT VIII**
**GROSS NEGLIGENCE/NEGLIGENT MISREPRESENTATION**
**(Plaintiffs on Behalf of the Class Against All Defendants)**

128.    Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

129.    As set forth above, the Defendants made material omissions or concealments to Plaintiffs and Class Members in order to induce them to purchase the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, through ADP's unlicensed and unregistered sales representatives.

130.    Defendants failed to inform Plaintiffs and the Class Members of material information regarding the SIMPLE IRAs. Defendants' misrepresentations, material omissions and concealments include, but are not limited to:

a.    Omissions and/or concealments regarding the SBS sales representatives' commissions, including bonuses, prizes, days off, and other benefits for the sale of certain SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs;

b.    Omissions and/or concealments regarding the SBS sales representatives' required sales quotas;

c.    Omissions and/or concealments that the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, were being sold by unlicensed and unregistered sales personnel;

   d.  Omissions and/or concealments that SBS sales representatives were required and/or encouraged to sell the SIMPLE IRA plans over other IRA plans; and

   e.  Misrepresentations regarding the potential return on the SIMPLE IRAs.

131. Defendants intended that Plaintiffs and the Class Members rely on these misstatements, omissions, or concealments.

132. Defendants knew or should have known at the time that these omissions or concealments were material to the Plaintiffs and the Class Members' purchase, such that, had the material information been disclosed, Plaintiffs and the Class Members would not have purchased the SIMPLE IRAs.

133. Defendants had a duty under law to disclose to Plaintiffs and the Class Members the information that was omitted or concealed.

134. Defendants intended for Plaintiffs and the Class Members to rely on the material misrepresentations, omissions, and concealments.

135. Plaintiffs and the Class Members were ignorant of the material omissions or concealments. Plaintiffs and the Class Members did not have a reasonable or equal opportunity to learn of or otherwise discover the information omitted or concealed.

136. Defendant knew or should have known that Plaintiffs and the Class Members were ignorant to the material information omitted or concealed.

137. Defendants knew or should have known that these material omissions or concealments would induce reliance upon the omissions or concealments and cause Plaintiffs or the Class Members to invest in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

138. As a result, Plaintiffs and the Class Members justifiably relied, and did in fact rely, on these material omissions or concealments and invested in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

139. Defendants conduct amounts to gross negligence.

140. As a proximate result of Defendants' misrepresentations, Plaintiffs and the Class Members have suffered substantial harm.

**COUNT IX**
**UNJUST ENRICHMENT**
**(Plaintiffs on Behalf of the Class Against All Defendants)**

141. Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

142. As set forth above, Defendants have engaged in improper, unlawful, and/or unjust acts, all to the harm and detriment of Plaintiffs and Class Members.

143.    When Plaintiffs and Class Members invested in SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, through ADP's unlicensed and unregistered sales representatives, they reasonably believed that the Defendants were acting in good faith in furtherance of legitimate transactions.

144.    Instead, Defendants acted improperly, unjustly, and unlawfully, taking Plaintiffs' and Class Members' money for their personal and family's benefit.

145.    Defendants have been enriched at Plaintiffs' and Class Members' expense through their investment into the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

146.    Defendants' retention of Plaintiffs' and Class Members' funds violates fundamental principles of justice, equity, and good conscience. Therefore, retention of that benefit without repayment would be unjust.

147.    As a proximate result of Defendants' unjust retention of Plaintiffs' and Class Members' funds, Plaintiffs and Class Members have suffered substantial harm.

**COUNT X**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE**
**PRACTICES ACT (FDUTPA), Fla. Stat. 501.201,** *et seq.*
**(Plaintiffs on Behalf of the Class Against All Defendants)**

148.   Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

149.   Defendants failed to inform Plaintiffs and the Class Members of material information regarding the SIMPLE IRAs. Defendants' misrepresentations, material omissions and concealments include, but are not limited to:

a.   Omissions and/or concealments regarding the SBS sales representatives' commissions, including bonuses, prizes, days off, and other benefits for the sale of certain SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs;

b.   Omissions and/or concealments regarding the SBS sales representatives' required sales quotas;

c.   Omissions and/or concealments that the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, were being sold by unlicensed and unregistered sales personnel;

d.   Omissions and/or concealments that SBS sales representatives were required and/or encouraged to sell the SIMPLE IRA plans over other IRA plans; and

e.   Misrepresentations regarding the potential return on the SIMPLE IRAs.

150.   Defendants' conduct amounts to a deceptive trade practice under the FDUTPA.

151.   Defendants willfully used these methods, acts, or violations when they knew or should have known that their conduct was unfair, deceptive, and prohibited under the FDUTPA.

152.   As a proximate result of Defendants' unjust retention of Plaintiffs' and Class Members' funds, Plaintiffs and Class Members have suffered substantial harm.

**COUNT XI**
**VIOLATION OF Fla. Stat. 517.311**
**(Plaintiffs on Behalf of the Class Against All Defendants)**

153.   Plaintiffs incorporates paragraphs 1 through 65, as though fully set forth herein.

154.   As set forth above, the Defendants negligently or recklessly made material omissions or concealments to Plaintiffs and Class Members to induce them to purchase the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs, through ADP's unlicensed and unregistered sales representatives in violation of Fla. Stat. 517.311.

155.    Defendants failed to inform Plaintiffs and the Class Members of material information regarding the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs. Defendants' misrepresentations, material omissions and concealments include, but are not limited to:

a.  Omissions and/or concealments regarding the SBS sales representatives' commissions, including bonuses, prizes, days off, and other benefits for the sale of certain SIMPLE IRAs;

b.  Omissions and/or concealments regarding the SBS sales representatives' required sales quotas;

c.  Omissions and/or concealments that the SIMPLE IRAs were being sold by unlicensed and unregistered sales personnel, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs;

d.  Omissions and/or concealments that SBS sales representatives were required and/or encouraged to sell the SIMPLE IRA plans over other IRA plans; and

e.  Misrepresentations regarding the potential return on the SIMPLE IRAs.

156.    A reasonable investor would place great significance on these misrepresentations, material omissions, and concealments and find that their disclosure is material to investing in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

157.    Defendants knew or should have known at the time that these omissions or concealments were material to the Plaintiffs and the Class Members' purchase, such that, had the material information been disclosed, Plaintiffs and the Class Members would not have purchased the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

158.    Defendants had a duty under law to disclose to Plaintiffs and the Class Members the information that was negligently or recklessly omitted or concealed.

159.    Plaintiffs and the Class Members were ignorant of the material omissions or concealments. Plaintiffs and the Class Members did not have a reasonable or equal opportunity to learn of or otherwise discover the information omitted or concealed.

160.    Defendants knew or should have known that Plaintiffs and the Class Members were ignorant to the material information intentionally omitted or concealed.

161.    Defendants knew or should have known that these material omissions or concealments would induce reliance, on behalf of Plaintiffs and the Class Members, to invest in the SIMPLE IRAs.

162.    As a result, Plaintiffs and the Class Members did in fact rely on these material omissions or concealments and invested in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

163.    As a proximate result of Defendants' negligent or reckless misrepresentations, Plaintiff and the Class Members have suffered substantial harm.

## COUNT XII
## VIOLATION OF Fla. Stat. 517.12
**(Plaintiffs on Behalf of the Class Against All Defendants)**

164.    Plaintiffs incorporate paragraphs 1 through 65, as though fully set forth herein.

165.    As set forth above, the Defendants used unlicensed and unregistered SBS sales representatives to sell securities.

166.    Defendants knew or should have known that these unlicensed and unregistered SBS sales representatives were going beyond piquing the interest of Plaintiffs and the Class Members and were acting as agents of ADP's broker-dealers to sell securities.

167.    Fla. Stat. 517.12(1) makes it unlawful for any person to act as an agent for a broker-dealer "unless that person is registered or exempt from registration" under securities laws.

168.    The SBS sales representatives were not licensed or registered under FINRA or Florida laws. Yet, Defendants intentionally used the SBS sales representatives to act as agents for ADP's broker dealers to sell the SIMPLE IRAs in violation of Fla. Stat. 517.12.

169.    The unlicensed and unregistered SBS sales representatives meet with potential investors, including Plaintiffs and the Class Members, as the face of ADP and solicited their investments.

170.    As a result, Plaintiffs and the Class Members invested in the SIMPLE IRAs, the funds for which are invested in American Century Investments' mutual funds as selected and sold at the time of sale of the SIMPLE IRAs.

171.    As a result, Plaintiffs and the Class Members have suffered substantial harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand injunctive relief and damages, in their favor and against Defendant as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Awarding compensatory damages in favor of Plaintiffs and other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.  Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.  Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: January 16, 2024.                        Respectfully Submitted,

**PARRISH & GOODMAN, PLLC**

*/s/ Robert H. Goodman, Esq.*
ROBERT H. GOODMAN, ESQ.
FBN: 1008059
JOSEPH. PARRISH, ESQ.
FBN: 690058
Parrish & Goodman, PLLC

13031 McGregor Blvd., STE 8
Telephone: (813) 643-4529
rgoodman@parrishgoodman.com
jparrish@parrishgoodman.com
kcumbee@parrishgoodman.com
*Counsel for Plaintiff*

/s/ William B. Federman
William B. Federman*
Jessica A. Wilkes*
FEDERMAN & SHERWOOD
10205 N Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com
jaw@federmanlaw.com
*Request for Pro Hac Vice Forthcoming*