# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE YLITALO, individually and on behalf of all others similarly situated, *Plaintiff*, v. AUTOMATIC DATA PROCESSING, INC., ADP, INC., and AMERICAN CENTURY INVESTMENT SERVICES, INC., *Defendants*. | Case No. 2:24-cv-07635-JKS-LDW<br><br>Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br><br>Motion Day: October 6, 2025<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT AMERICAN CENTURY INVESTMENT SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**K&L GATES LLP**
Loly G. Tor
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Tel.: (973) 848-4026
loly.tor@klgates.com

John W. Rotunno (admitted *pro hac vice*)
Matt A. Alvis (admitted *pro hac vice*)
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel.:(312) 372-1121
john.rotunno@klgates.com
matt.alvis@klgates.com

Stephen Topetzes (admitted *pro hac vice*)
1601 K Street NW
Washington, DC 20006
Tel.: (202) 778-9000
stephen.topetzes@klgates.com

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ...................................................................... 1

II. ARGUMENT .................................................................................................... 2

    A. Plaintiff Lacks Standing. ....................................................................... 2

    B. Count III Fails to State a Claim Under 29 U.S.C. § 1106 .................... 4

III. CONCLUSION ................................................................................................. 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Barney Holland Oil Co. v. FleetCor Techs., Inc.*,
   No. 1:06-CV-1110, 2008 WL 11407200 (N.D. Ga. Mar. 3, 2008) ...................... 3

*Cambridge Mut. Fire Ins. Co. v. Stihl, Inc.*,
   No. 22-05893, 2023 WL 5928319 (D.N.J. Sept. 12, 2023) .................................. 6

*Knudsen v. MetLife Grp., Inc.*,
   117 F.4th 570 (3d Cir. 2024) ............................................................................... 7

*Rieger v. Volkswagen Grp. of Am.*,
   No. 1:21-CV-10546, 2023 WL 3271116 (D.N.J. May 4, 2023) .......................... 4

*In re Royal Dutch-Shell Transp. Sec. Litig.*,
   404 F. Supp. 2d 605 (D.N.J. 2005) ..................................................................... 3

*Sowell v. Butcher & Singer, Inc.*,
   926 F.2d 289 (3d Cir. 1991) ............................................................................... 3

*Warth v. Seldin*,
   422 U.S. 490 (1975) ............................................................................................ 3

*Ylitalo and R4 Construction, LLC v. Automatic Data Processing, Inc.,
   et al.*, 2:24-cv-00055 ........................................................................................... 1

*Zang v. Paychex Inc.*,
   728 F. Supp. 2d 261 (W.D.N.Y. 2010) ............................................................... 6

*Ziemba v. Incipio Techs., Inc.*,
   No. 13-5590, 2014 WL 4637006 (D.N.J. Sept. 16, 2014) ................................... 5

**Statutes**

Private Securities Litigation Reform Act .............................................................. 1, 2

Employee Retirement Income Security Act of 1974 ......................................... 4, 5, 6

## Other Authorities

29 C.F.R. § 2510.3-21(c) ..................................................................................................6

## Court Rules

Fed.R.Civ.P. Rule 9(b)..................................................................................................1, 2

Fed.R.Civ.P. Rule 12(b)(1) ...........................................................................................1, 4

Fed.R.Civ.P. Rule 12(b)(6) ...............................................................................................1

Defendant American Century Investment Services, Inc. ("ACIS"), by and through its undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss the Complaint in this action pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(A) and 78 u-5.

## I.   PRELIMINARY STATEMENT

The Complaint in this action alleges claims under the federal securities laws against defendants Automatic Data Processing ("Automatic"), ADP, Inc. ("ADP") and ACIS, as well as an assortment of additional claims under federal and state law. Each of Plaintiff's claims is based upon the same alleged conduct, the central premise of which is that ADP utilized sales representatives "[l]ittle to none . . . [of whom] . . . are licensed as broker-dealers" (ECF No. 1 ¶ 33) to open a form of investment retirement account (a "SIMPLE IRA"). The action purports to be brought on behalf of a class consisting of all individuals "who, as the owner and operator of their own business who [sic] purchased SIMPLE IRA(s) from ADP for themselves as individuals at any time from the date of filing to three years prior thereto, the funds for which were directed into one of ACIS's One Choice FOFs, at the time of sale of the SIMPLE IRA." (*Id.* ¶ 99)

The Complaint is a regurgitation of an action previously filed by Plaintiff Ylitalo in the Middle District of Florida – *Ylitalo and R4 Construction, LLC v.*

*Automatic Data Processing, Inc., et al.,* 2:24-cv-00055. Following the filing of motions to dismiss by the Defendants in that action (which included ACIS), Plaintiffs voluntarily dismissed that action – only to have Ylitalo re-file his purported claims in this Court.

Ylitalo's claims, each of which sounds in fraud, fare no better than those in his earlier Florida action. The Complaint fails to plead the elements of each claim asserted in the Complaint with the particularity required by Rule 9(b) – much less the even more stringent pleading requirements of the Private Securities Litigation Reform Act governing Plaintiff's asserted federal securities claims. And, in any case, it is evident that Ylitalo has sustained no injury, and thus lacks standing to bring this action.

Rather than repeating all the many grounds for the dismissal of Ylitalo's Complaint, ACIS hereby adopts the grounds for dismissal appearing at pages 8 to 38 of Defendant Automatic Data Processing, Inc.'s and ADP, Inc.'s Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Class Action Complaint filed concurrently herewith – grounds for dismissal equally applicable to the claims asserted against ACIS. In addition, ACIS states as follows:

II.   **ARGUMENT**

   A.   **Plaintiff Lacks Standing.**

As set forth in the Memorandum submitted by Defendants Automatic and

2

ADP, Plaintiff Ylitalo lacks standing to pursue the claims asserted in this action because he has not suffered any monetary loss on his SIMPLE IRA investment. (*See* Defendants Automatic and ADP's Memorandum at 9 - 11.) *See also Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 297 (3d Cir. 1991) (the proper "measure of damages in a Rule 10b-5 action" is "the out-of-pocket rule") (internal quotations and citation omitted); *In re Royal Dutch-Shell Transp. Sec. Litig.*, 404 F. Supp. 2d 605, 610 (D.N.J. 2005) (same); *Barney Holland Oil Co. v. FleetCor Techs., Inc.*, No. 1:06-CV-1110, 2008 WL 11407200, at *12-13 (N.D. Ga. Mar. 3, 2008) (the appropriate measure of damages in a securities fraud action is the plaintiff's "out-of-pocket loss," which excludes "what the plaintiff might have gained if the defendant had performed as promised") (internal quotations and citation omitted). Here, the Complaint contains no allegation that any portion of Ylitalo's investment has been lost. And a "federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action . . . ." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotations and citation omitted).

Moreover, even if a disappointed expectation of the rate of return on an investment (in Ylitalo's case, an investment of $2,000 (ECF No. 1 ¶ 77)) *were* enough to satisfy the out-of-pocket rule (and it is not), the rate of return received by Ylitalo on his SIMPLE IRA actually has *exceeded* his alleged expectations.

3

According to the Complaint, Ylitalo was informed that the "estimated" rate of return on his SIMPLE IRA "would be 6.00%." (ECF No. 1 ¶ 69) Although Ylitalo alleges that his SIMPLE IRA "has earned closer to 4%" (*id.* ¶ 78), that is simply not the case. As set forth in the Declaration of Margaret Murphy filed herewith, the rate of return on Ylitalo's SIMPLE IRA account from its inception on August 17, 2023, through July 24, 2025, has exceeded 12%.[1] Consequently, Ylitalo's investment has exceeded his alleged expectations, and he has sustained no conceivable form of injury of any kind.

## B.     Count III Fails to State a Claim Under 29 U.S.C. § 1106.

Count III of Ylitalo's Complaint asserts a claim under 29 U.S.C. § 1106—a provision of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This provision prohibits actions by an ERISA fiduciary that, in summary, fall into two categories: (1) causing the plan to engage in transactions with a party in interest or to acquire any security or real property of the employer, if violative of another provision of ERISA; or (2) dealing with plan assets in the fiduciary's own interest, engaging in transactions involving the plan on behalf of a party with interests adverse to those of the plan or its participants, or receiving

---

[1] On a Rule 12(b)(1) motion challenging the allegations on which jurisdiction is based, a court may "weigh evidence outside the pleadings . . . placing a burden of proof on the plaintiff to demonstrate that jurisdiction indeed exists." *Rieger v. Volkswagen Grp. of Am.*, No. 1:21-CV-10546, 2023 WL 3271116, at *2 (D.N.J. May 4, 2023).

4

consideration from a party in a transaction involving plan assets. 29 U.S.C. § 1106(a)-(b).

The Complaint fails to specify which ERISA section ostensibly gives rise to Ylitalo's claims. Count III thus fails "to provide each Defendant with adequate notice of the particular claim(s) being asserted against them and the specific grounds upon which such claim(s) rest." *Ziemba v. Incipio Techs., Inc.*, No. 13-5590, 2014 WL 4637006, at *4 (D.N.J. Sept. 16, 2014). More importantly, the Complaint fails to allege that ACIS engaged in any of the transactions prohibited by 29 U.S.C. § 1106.

Beyond this, the Complaint contains only bald, conclusory allegations regarding an essential prerequisite to the assertion of a Section 1106 claim: the defendant's status as an ERISA fiduciary to the employee benefit plan at issue. Indeed, the term "fiduciary" appears only in vacant, generalized allegations that "Defendants had a fiduciary relationship with the investors of SIMPLE IRAs" and that "Defendants breached their fiduciary duties . . . ." (ECF No. 1 ¶¶ 149, 155). The Complaint does not plead any facts giving rise to an ERISA fiduciary relationship between ACIS and Plaintiff's SIMPLE IRA account, much less "specif[y] which of [the defendants] are responsible for which acts or omissions" supposedly violative of 29 U.S.C. §1106—a typical form of "shotgun pleading" targeted by the Third

5

Circuit for dismissal. *Cambridge Mut. Fire Ins. Co. v. Stihl, Inc.*, No. 22-05893, 2023 WL 5928319, at *2 (D.N.J. Sept. 12, 2023).

A person or entity is an ERISA fiduciary "to the extent" the person or entity (i) exercises discretionary authority or control over plan management or authority or control over management or disposition of plan assets, (ii) renders investment advice regarding plan assets for a fee or other compensation or has authority or responsibility to do so, or (iii) has any discretionary authority or responsibility in plan administration. 29 U.S.C. § 1002(21)(A). Here, the Complaint pleads no facts that ACIS had discretionary authority or responsibility regarding the administration of the SIMPLE IRA plan (part (iii) of the definition of fiduciary). And the Complaint pleads no facts that ACIS exercised discretionary authority or control over plan management (part (i) of the definition of fiduciary) or rendered investment advice (part (ii) of the definition of fiduciary) with respect to the selection of the fund which Plaintiff chose for his SIMPLE IRA. *See Zang v. Paychex Inc.*, 728 F. Supp. 2d 261, 272 (W.D.N.Y. 2010) (recognizing that "mere creation and offering of a menu or lineup of funds cannot legally or logically give rise to fiduciary status").

In addition, under a U.S. Department of Labor regulation, *each element* of a multi-part test must be satisfied before a person or entity may be deemed an investment-advice "fiduciary" for purposes of ERISA. *See* 29 C.F.R. § 2510.3-21(c). The Complaint fails to allege any of the elements of that test: that ACIS rendered

6

any investment advice to Plaintiff by making a recommendation to him of "any securities transaction or other investment transaction or other investment strategy," that any such advice was "regularly" provided to investors, and that any recommendations were made "under circumstances that would indicate to a reasonable investor . . . that the recommendation is based on review of the retirement investor's particular needs or individual circumstances . . . ." *Id.* There are no allegations in the Complaint satisfying these requirements. And, ACIS's role as the distributor of the *fund* which Plaintiff chose for his SIMPLE IRA does not transform ACIS into an ERISA fiduciary to the *SIMPLE IRA*. For this additional reason, Count III fails to state an ERISA claim.

And, of course, Count III fails for the same reason that each of the other Counts fail: it does not allege facts demonstrating that Ylitalo has sustained any damages – an essential element of the cause of action. *See Knudsen v. MetLife Grp., Inc.*, 117 F.4th 570, 582 (3d Cir. 2024) (affirming dismissal of a complaint asserting ERISA claims for failure to "allege financial harm that is 'actual or imminent' as opposed to theoretical, conjectural or hypothetical").

## III.  CONCLUSION

For the reasons set forth above and in those portions of the Memorandum submitted by Automatic and ADP adopted by ACIS, ACIS respectfully requests that the Court dismiss the Complaint in this action with prejudice.

Dated: July 25, 2025

Respectfully submitted,

**K&L GATES LLP**

By: */s/ Loly G. Tor*
Loly G. Tor
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Tel: (973) 848-4026
Fax: (973) 848-4001
loly.tor@klgates.com

John W. Rotunno (admitted *pro hac vice*)
Matt A. Alvis (admitted *pro hac vice*)
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel.:(312) 372-1121
john.rotunno@klgates.com
matt.alvis@klgates.com

Stephen Topetzes (admitted *pro hac vice*)
1601 K Street NW
Washington, DC 20006
Tel.: (202) 778-9000
stephen.topetzes@klgates.com

*Attorneys for Defendant American Century Investment Services, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on July 25, 2025, which will serve all counsel of record.

*/s/ Loly G. Tor*