# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DALE YLITALO, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-07635-JKS-LDW |
| *Plaintiff*, | Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |
| v. | Motion Return Date: June 1, 2026 |
| AUTOMATIC DATA PROCESSING, INC., ADP, INC., and AMERICAN CENTURY INVESTMENT SERVICES, INC., | **ORAL ARGUMENT REQUESTED** |
| *Defendants*. |  |

**DEFENDANT AMERICAN CENTURY INVESTMENT SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**K&L GATES LLP**
Benjamin Rubinstein
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Tel.: (973) 848-4140
benjamin.rubinstein@klgates.com

John W. Rotunno (admitted *pro hac vice*)
Matt A. Alvis (admitted *pro hac vice*)
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel.:(312) 372-1121
john.rotunno@klgates.com
matt.alvis@klgates.com

Stephen Topetzes (admitted *pro hac vice*)
1601 K Street NW
Washington, DC 20006
Tel.: (202) 778-9000
stephen.topetzes@klgates.com

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ....................................................................1

II.     ARGUMENT...........................................................................................3

        A.      Plaintiff Lacks Standing .........................................................3

        B.      Count III Fails to State a Claim Under 29 U.S.C. § 1106....................8

III.    CONCLUSION......................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barney Holland Oil Co. v. FleetCor Techs., Inc.*,
No. 1:06-CV-1110, 2008 WL 11407200 (N.D. Ga. Mar. 3, 2008)..................4, 5

*Cambridge Mut. Fire Ins. Co. v. Stihl, Inc.*,
No. 22-05893, 2023 WL 5928319 (D.N.J. Sep. 12, 2023)....................................9

*Deutsch v. D&A Servs. LLC*,
No. 22-1042, 2023 WL 2987568 (3d Cir. Apr. 18, 2023)....................................3

*Food and Drug Admin. v. All. for Hippocratic Med.*,
602 U.S. 367 (2024)............................................................................................3

*Huber v. Simon's Agency, Inc.*,
84 F.4th 132 (3d Cir. 2023) ................................................................................4

*Knudsen v. MetLife Grp., Inc.*,
117 F.4th 570 (3d Cir. 2024).............................................................................11

*Rieger v. Volkswagen Grp. Of Am., Inc.*,
No. 1:21-CV-10546, 2023 WL 3271116 (D.N.J. May 4, 2023) .........................7

*In re Royal Dutch/Shell Transp. Sec. Litig.*,
No. 04-374, 2005 WL 8251690 (D.N.J. Dec. 20, 2005) .....................................4

*Sowell v. Butcher & Singer, Inc.*,
926 F.2d 289 (3d Cir. 1991) ...............................................................................4

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)..............................................................................................3

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009).............................................................................................3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021).............................................................................................4

*Tse v. Ventana Med. Sys., Inc.*,
123 F. Supp. 2d 213 (D. Del. 2000)....................................................................6

ii

*Warth v. Seldin*,
   422 U.S. 490 (1975)......................................................................................5

*Ylitalo and R4 Construction, LLC v. Automatic Data Processing, Inc.,
   et al*,
   No. 2:24-cv-00055 ........................................................................................2

*Zang v. Paychex Inc.*,
   728 F. Supp. 2d 261 (W.D.N.Y. 2010)........................................................10

*Ziemba v. Incipio Techs, Inc.*,
   No. 13-5590, 2014 WL 4637006 (D.N.J. Sep. 16, 2014)..............................8

**Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§
   1002 and 1106...........................................................................................8, 9

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(A)
   and 78u-5 ...................................................................................................1, 2

**Other Authorities**

17 C.F.R. § 240.10b-5........................................................................................4

29 C.F.R. § 2510.3-21(c) .................................................................................10

Federal Rule of Civil Procedure 9(b)..................................................................2

Federal Rule of Civil Procedure 12(b)(1) ...........................................................7

Defendant American Century Investment Services, Inc. ("ACIS"), by and through its undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss the Amended Complaint in this action pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(A) and 78u-5.

## I.    PRELIMINARY STATEMENT

The Amended Complaint purports to assert claims under the federal and state securities laws against defendants Automatic Data Processing ("Automatic"), ADP, Inc. ("ADP") and ACIS, as well as an assortment of additional claims under federal and state law. Each of Plaintiff's claims is based upon the same alleged conduct, the central premise of which is that ADP utilized sales representatives "[l]ittle to none . . . [of whom] . . . are licensed as broker-dealers" (ECF 69 ¶¶ 5-10, 15, 39, 47-51, 55-60, 62-64, 67, 69-77, 79-81, 83-84, 86, 88-90, 92, 102-104, 106-111, 119-123, 126-127, 139-141, 148) to open a form of investment retirement account (a "SIMPLE IRA"). The action purports to be brought on behalf of a class consisting of all individuals "who own and operate their own business from the date of filing to three years prior thereto . . . and purchased or otherwise acquired for themselves a SIMPLE IRA from ADP, the funds for which were immediately directed into one of ACIS's One Choice Target Date Portfolios . . . ." (*Id.*, ¶ 1)

The Amended Complaint – like its predecessor Complaint filed in this District – is a regurgitation of an action previously filed by Plaintiff Ylitalo in the Middle District of Florida – *Ylitalo and R4 Construction, LLC v. Automatic Data Processing, Inc., et al.,* No. 2:24-cv-00055. Following the filing of motions to dismiss by the Defendants in the Florida action (which included ACIS), Plaintiff voluntarily dismissed that action – only to have Ylitalo re-file his purported claims in this Court via a Complaint that this Court recently dismissed for lack of standing.

Ylitalo's current claims, each of which purports to sound in fraud, fare no better than those in his earlier Florida action or in the Complaint previously filed in this action. His Amended Complaint fails to plead the elements of each claim with the particularity required by Rule 9(b) – much less the even more stringent pleading requirements of the Private Securities Litigation Reform Act governing Plaintiff's asserted federal securities claims. And, in any case, it is evident that Ylitalo has sustained no injury, and thus lacks standing to bring this action.

For the convenience of the Court, ACIS will not repeat all the many grounds for the dismissal of Ylitalo's Amended Complaint reflected in the concurrently filed Memorandum of Law submitted by Defendants Automatic and ADP in Support of Their Motion to Dismiss Plaintiff's Amended Class Action Complaint. The grounds for the dismissal of each Count asserted in the Amended Complaint are equally applicable to the claims asserted against ACIS.

In addition, ACIS states as follows:

## II.    ARGUMENT

### A.    Plaintiff Lacks Standing

"In order to invoke the jurisdiction of the federal courts, a plaintiff must have Article III standing, which 'requires a showing that the plaintiff has: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by favorable judicial decision.'" *Deutsch v. D&A Servs. LLC*, No. 22-1042, 2023 WL 2987568, at *3 (3d Cir. Apr. 18, 2023) (citing *N.J. Bankers Ass'n v. Att'y Gen. N.J.*, 49 F.4th 849, 855 (3d Cir. 2022)).

Here, Plaintiff Ylitalo lacks standing to pursue the claims asserted in this action because he has not suffered *any* monetary or other loss from his SIMPLE IRA investment. As the Supreme Court recently observed, "Article III standing is a 'bedrock constitutional requirement that this Court has applied to all manner of important disputes.'" *Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 368 (2024) (citation omitted). Standing requires that a plaintiff demonstrate a "personal stake" in the outcome of a case. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To meet this threshold requirement, a plaintiff must allege a harm that is "concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citation and internal quotations omitted).

3

As the authorities cited in this Court's March 10, 2026 decision reflect, to establish standing, even an intangible harm must also be concrete. "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts" – "such as physical harm, monetary harm, or . . . reputational harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414, 417 (2021). "No concrete harm, no standing." *Id.* at 417. And, as the Third Circuit acknowledged in *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 148 (3d Cir. 2023), cited in this Court's March 10, 2026 decision (ECF 67 at 11), the "harm traditionally recognized as providing a basis for [fraudulent misrepresentation] . . . is not the mere receipt of a misleading statement, or even confusion, without any further consequence." *Huber,* 84 F. 4th at 148 (citation and internal quotations omitted). Instead, "[i]t is the 'physical, monetary, or cognizable intangible harm,' . . . such as reputational or emotional harm . . . that may follow from a plaintiff's' '*reliance* upon the misrepresentation.'" *Id.* (citation omitted).

Consistent with this, in the securities context, an actual out-of-pocket loss is essential to the assertion of any claim. *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 297 (3d Cir. 1991) (the "proper measure of damages" in a Rule 10b-5 action is "the out-of-pocket rule") (citation omitted); *In re Royal Dutch/Shell Transp. Sec. Litig.*, No. 04-374, 2005 WL 8251690, at *4 (D.N.J. Dec. 20, 2005) (same); *Barney*

4

*Holland Oil Co. v. FleetCor Techs., Inc.*, No. 1:06-CV-1110, 2008 WL 11407200, at *12-13 (N.D. Ga. Mar. 3, 2008) (the appropriate measure of damages in a securities fraud action is the plaintiff's "out-of-pocket loss," which excludes "what the plaintiff might have gained if the defendant had performed as promised") (citation and internal quotations omitted). Here, the Amended Complaint contains no allegation that even a dollar of Ylitalo's investment has been lost. And a "federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action . . . ." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citation and internal quotations omitted).

As this Court pointed out in its March 10, 2026 decision, the Plaintiff's contention – in briefing – that he ostensibly could establish an injury in fact by demonstrating that he was "deprived of the opportunity to grow his retirement savings by investing in other funds" was insufficient, in that no such allegation appeared in the Complaint. (ECF 67 at 10). And although the Court afforded the Plaintiff an opportunity to amend his Complaint to incorporate such an allegation, the Amended Complaint is devoid of any allegation that Plaintiff was contemplating another investment that he would have chosen had he not selected the One Choice 2040 fund.

Ylitalo does purport to allege, in Paragraph 131 of his Amended Complaint, that he somehow was deprived of "lost opportunity damages" because the ACIS

5

fund-of-funds' performance ostensibly was below that of "its benchmark or its peers." (*Id*. at 43) This assertion is wrong, for multiple reasons. First, as this Court pointed out in its March 10, 2026 decision, in the R4 Agreements submitted by ADP, R4 agreed that it "was not induced to 'enter into [the] Agreement by any representation or warranty not set forth in this Agreement'" and acknowledged that "[t]here is no guarantee a fund will accomplish its objectives and the investments can lose money." (ECF 67 at 4) Moreover, it is undisputed that Ylitalo was offered a number of different investment opportunities, but he chose to invest in the 2040 Portfolio – and continues to remain invested in it. (ECF 53, Account Application at p. 2, in which Ylitalo chose the One Choice 2040 Portfolio based upon his birth year.)

Furthermore, "lost opportunity" damages are recoverable only when such damages are not speculative. *Tse v. Ventana Med. Sys., Inc.*, 123 F. Supp. 2d 213, 223 (D. Del. 2000). Here, they are entirely speculative. As noted above, there are no allegations that Plaintiff was contemplating an alternative investment. Moreover, there are no allegations in the Amended Complaint that Plaintiff has sought to change in any way the investment he chose for his SIMPLE IRA, even though he could have done so at any time – down to the present day.

Even assuming Plaintiff's allegations regarding supposed failures of disclosure, which Defendants steadfastly dispute, the Amended Complaint – like its

predecessor (as the Court observed in its March 10, 2026 decision, ECF 67, at 11) –

contains no allegation of physical, monetary or reputational harm to Plaintiff Ylitalo.

To the contrary, Plaintiff's Amended Complaint alleges that his retirement account

has achieved a return rate "closer to" 5.57% (versus the 4.0% alleged in the original

Complaint), closely approximating the 6.0% rate of return Plaintiff claims was

"estimate[ed]" by Defendants – and devoid of any explanation as to how that

supposed 5.57% rate of return was computed. (ECF 69, ¶¶ 83, 84, 87, 100, 104.)

And, in fact, as the 2025 Annual Statement for Mr. Ylitalo's SIMPLE IRA account

attests, he experienced an average annual rate of return of 11.78% since the inception

of his account, and (in light of the recent declines in the stock market) 8.41% from

inception through the first quarter of 2026. (The referenced annual and quarterly

statements are appended as Exhibits A and B to the Declaration of Margaret Murphy

submitted herewith.) The Court may consider on a Rule 12(b)(1) motion such as this

– the *actual* rate of return on Mr. Ylitalo's account, since its inception, which has

*exceeded* 6.00% by a wide margin. [1] Consequently, Plaintiff has sustained no

concrete harm – economic or otherwise; to the contrary, he has achieved a *gain*,

exceeding his alleged expectations.

---

[1] On a Rule 12(b)(1) motion challenging the allegations on which jurisdiction purportedly is based, the Court may "weigh evidence outside the pleadings . . . placing a burden of proof on the plaintiff to demonstrate that jurisdiction indeed exists." *Rieger v. Volkswagen Grp. Of Am., Inc.*, No. 1:21-CV-10546, 2023 WL 3271116, at *2 (D.N.J. May 4, 2023) (citation omitted).

B.     **Count III Fails to State a Claim Under 29 U.S.C. § 1106.**

Count III of Ylitalo's Amended Complaint (repeated word-for-word from his original Complaint in this District) purports to assert a claim under 29 U.S.C. § 1106—a provision of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This provision prohibits actions by an ERISA fiduciary that, in summary, fall into two categories: (1) causing a plan to engage in transactions with a party in interest or to acquire any security or real property of the employer, if violative of another provision of ERISA; or (2) dealing with plan assets in the fiduciary's own interest, engaging in transactions involving the plan on behalf of a party with interests adverse to those of the plan or its participants, or receiving consideration from a party in a transaction involving plan assets. 29 U.S.C. § 1106(a)-(b).

The Amended Complaint – like its predecessor – fails to specify which ERISA section supposedly gives rise to Ylitalo's claims. Count III thus fails "to provide each Defendant with adequate notice of the particular claim(s) being asserted against them and the specific grounds upon which such claim(s) rest." *Ziemba v. Incipio Techs., Inc.*, No. 13-5590, 2014 WL 4637006 (D.N.J. Sep. 16, 2014). Even more importantly, the Amended Complaint fails to allege that ACIS engaged in any of the transactions prohibited by 29 U.S.C. § 1106.

8

Beyond this, the Amended Complaint contains only bald, conclusory allegations regarding an essential prerequisite to the assertion of a Section 1106 claim: the defendant's status as an ERISA fiduciary to the employee benefit plan at issue. Indeed, the term "fiduciary" appears only in vague, generalized allegations that "Defendants had a fiduciary relationship with the investors of SIMPLE IRAs" and that "Defendants breached their fiduciary duties . . . ." (ECF 69 ¶¶ 171, 177). The Amended Complaint does not plead any facts giving rise to an ERISA fiduciary relationship between ACIS and Plaintiff's SIMPLE IRA account, much less "specif[y] which of [the Defendants] are responsible for which acts or omissions" supposedly violative of the specific prohibitions set forth in 29 U.S.C. §1106—a typical form of "shotgun pleading" targeted by the Third Circuit for dismissal. *Cambridge Mut. Fire Ins. Co. v. Stihl, Inc.*, No. 22-05893, 2023 WL 5928319, at *2 (D.N.J. Sep. 12, 2023).

A person or entity is an ERISA fiduciary "to the extent" the person or entity (i) exercises discretionary authority or control over plan management or authority or control over the management or disposition of plan assets, (ii) renders investment advice regarding plan assets for a fee or other compensation or has authority or responsibility to do so, or (iii) has any discretionary authority or responsibility in plan administration. 29 U.S.C. § 1002(21)(A). Here, the Amended Complaint is devoid of allegations that ACIS exercised discretionary authority or control over

9

plan management (part (i) of the definition of fiduciary) or rendered investment advice (part (ii) of the definition of fiduciary) with respect to the selection of the fund which Plaintiff chose for his SIMPLE IRA. Nor does the Amended Complaint plead that ACIS had discretionary authority or responsibility regarding the administration of the SIMPLE IRA plan (part iii of the definition of fiduciary). *See Zang v. Paychex Inc.*, 728 F. Supp. 2d 261, 272 (W.D.N.Y. 2010) (recognizing that "mere creation and offering of a menu or lineup of funds cannot legally or logically give rise to fiduciary status").

In addition, under a U.S. Department of Labor regulation, *each element* of a multi-part test must be satisfied before a person or entity may be deemed an investment-advice "fiduciary" for purposes of ERISA. *See* 29 C.F.R. § 2510.3-21(c). The Amended Complaint fails to allege any of the elements of that test: that ACIS rendered any investment advice to Plaintiff by making a recommendation to him of "any securities transaction or other investment transaction or other investment strategy," that any such advice was "regularly" provided to investors, and that any recommendations were made "under circumstances that would indicate to a reasonable investor . . . that the recommendation is based on review of the retirement investor's particular needs or individual circumstances . . . ." *Id.* There are no allegations in the Amended Complaint satisfying these requirements. And, ACIS's role as the distributor of the *fund* which Plaintiff chose for his SIMPLE IRA does

10

not transform ACIS into an ERISA fiduciary to the SIMPLE IRA. For this additional reason, Count III fails to state an ERISA claim.

Count III also fails for the same reason that each of the other Counts fail: it does not allege facts demonstrating that Ylitalo has sustained any damages or injury — an essential element of the cause of action. *See Knudsen v. MetLife Grp., Inc.*, 117 F.4th 570, 582 (3d Cir. 2024) (affirming dismissal of a complaint asserting ERISA claims for failure to "allege financial harm that is 'actual or imminent' as opposed to theoretical, conjectural or hypothetical").

## III.    CONCLUSION

For the reasons set forth above and in the Memorandum submitted by Automatic and ADP, ACIS respectfully requests that the Court dismiss the Amended Complaint in this action with prejudice.

Dated: May 7, 2026                               Respectfully submitted,

                                                **K&L GATES LLP**

                                                By: /s/ Benjamin Rubinstein
                                                Benjamin Rubinstein
                                                One Newark Center, 10th Fl.
                                                Newark, New Jersey 07102
                                                Tel: (973) 848-4140
                                                Fax: (973) 848-4001
                                                benjamin.rubinstein@klgates.com

                                                John W. Rotunno (admitted *pro hac vice*)
                                                Matt A. Alvis (admitted *pro hac vice*)
                                                70 W. Madison Street, Suite 3300
                                                Chicago, Illinois 60602-4207

11

Tel.:(312) 372-1121
john.rotunno@klgates.com
matt.alvis@klgates.com

Stephen Topetzes (admitted *pro hac vice*)
1601 K Street NW
Washington, DC 20006
Tel.: (202) 778-9000
stephen.topetzes@klgates.com


*Attorneys for Defendant American Century
Investment Services, Inc.*

12

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on May 7, 2026, which will serve all counsel of record.

*/s/ Benjamin Rubinstein*